## SOUTHERN RAILROAD COMPANY v. MRS. EMMA GANONG.

### [55 South. 355.]

1. INSTRUCTIONS. *Reference to pleadings. Error cured.*

> An instruction that the jury will find a verdict for plaintiff if the evidence showed she was injured in the manner set out in the declaration, is error as tending to confuse and mislead the jury.

2. SAME.

> But where other instructions set out the facts necessary for the jury to believe in order to render a verdict and the declaration itself sets out such facts as that the jury could not be misled, such an instruction is harmless.

APPEAL from the circuit court of Alcorn county.

HON. JNO. H. MITCHELL, Judge.

Suit by Mrs. Emma Ganong against the Southern Railway Company. From a judgment for plaintiff defendant appeals.

The facts are stated in the opinion of the court.

*W. J. Lamb,* for appellant.

Charge No. 2, given for the appellee, says that if the appellee was injured as a direct result of ''such failure and plaintiff was injured in whole or in part substantially as set out and alleged by her in her said declaration, then the jury will find for the plaintiff.''

We are at a loss to know what this charge means when it says, ''was injured in whole or in part.'' If the appellant did not cause all of the injury, but only part of it, for what part ought the appellant to have to pay damages. The charge which is given gives the jury no criterion by which to assess damages for the appellant although they may believe that the appellant did not cause all of the injury to the plaintiff. This charge again says that if the plaintiff proves substantially what

she set out in her declaration, then the jury will find for the plaintiff. We respectfully submit to the court that the plaintiff did not prove substantially, or in any other way, what is set out in her declaration for she contends in her declaration that her kneecap was broken and crushed, and broken loose from its normal position, when as a matter of fact the proof shows that there was no injury perceptible except a little dark spot on the knee. It is an elementary principle of law that a person cannot claim damages for one injury and recover for another, and that is exactly what is undertaken to be done in this case, and what is done up to the present time, and we respectfully submit to the court that because of this being such a close case on the facts that these two charges misled the jury, and this verdict should not stand.

The fifth charge is subject to the same criticism as the second for it says that if she received the injury, or any part thereof, as set out in her declaration, without any proof to sustain the allegations in her declaration, and no attempt is made on the part of the appellee to amend her declaration so as to conform to the proof.

The sixth charge is subject to the same criticism.

When the charges given for the appellee in this case are analyzed and applied to the facts in this case, we respectfully submit that they are error and that the jury was misled, for the appellee has gotten judgment for one injury when she sued for another. This being our contention in the case, we respectfully submit that the court erred in overruling the motion of the appellant for a new trial because the verdict was contrary to the law and the evidence in the case, and this court should correct this error by reversing this case.

*Young & Young,* for appellee.

We humbly submit that by a careful inspection of the record in this case, which is short, it will readily

be seen by this court that none of appellant's assignments of error have any merit in them, that no injustice has been done appellant, either by the court in its instructions to the jury, as to the law arising on the facts and governing in the case, or by the jury in its finding on the facts, and that the insinuations of appellant's counsel, in his brief, to the effect that appellee, in instituting and maintaining her suit, was not and is not acting in the utmost good faith, is utterly without the shadow of warrant.

Appellee by her testimony shows, that the injury complained of and which caused her such great pain and suffering, lasting several months, despite the care and treatment of several physicians, resulting finally in the loss of the use of her knee-joint and the loss of her power of locomotion, without the aid of crutches, was the direct result of the negligence of the servants of appellant in suddenly starting its train on which appellee was a passenger, with a lurch and jerk, before she had been allowed a reasonable time or been previously notified or warned, in which to select her seat and seat herself thereon, and while she was in the act of seating herself. Said sudden starting and lurching and jerking being of such great violence that it threw her down on the seat, selected by her, striking her knee against the frame work thereof causing the injury aforesaid.

Apellant failed to put any of its said servants on the witness stand to contradict appellee's testimony above in any particular, but its counsel, however, has gone outside of the record to state that appellant did not know appellee claimed to have been hurt until she brought her suit and that too in the face of the fact that appellee in her testimony, distinctly states that when she disembarked from said train at Iuka, she informed the conductor, who assisted her therefrom, of the fact that she had been badly injured while on said train, as an apology

for her inability to alight therefrom and in consequence thereof he told her to take her time and because thereof assisted her therefrom to the ground. Counsel for appellant further goes out of the record to state that, ''it was impossible for appellant's servants to remember how said train was being operated on the day appellee claims to have been injured.'' The proper thing for him to have done, however, was to have put said servants on the stand, as witnesses, and have let them testify, before the court and jury, as to whether they did or did not remember how appellant's train was operated at the time and place of the infliction of the injuries complained of and not having done so the statement of counsel will, of course, not be taken as an excuse therefor, and the presumption of law will prevail, that they were not put on the stand, as witnesses, because they could not contradict the testimony of appellee and that the latter was true.

It will be noted that the train was not, at the time of its being suddenly started with a lurch and jerk, leaving on its journey but was only moved forward a few feet where it again stopped and after remaining standing there several minutes, was then started on its journey; according to the testimony of appellee which is in no way contradicted.

ANDERSON, J., delivered the opinion of the court.

The appellee, Mrs. Emma Ganong, sued the appellant, the Southern Railway Company, for personal injuries, and recovered a judgment, from which appellant prosecutes this appeal.

The giving of instructions Nos. 1, 2, and 3 for appellee is assigned as error. By these instructions the jury was directed, in substance, to return a verdict in favor of appellee, if the evidence showed she was injured in the manner set out in the declaration. This was error. The jury was entitled to have the law of the case, as given by the court, written out in full in the instructions. To

require the jury to resort to the pleadings in the case, to patch up and piece out the instructions, is calculated to confuse and mislead them. In many cases the pleadings set out the cause of action and the defense thereto with such prolixity that it would be exceedingly difficult for the jury, by reference to them, to extract therefrom the allegations sought to be incorporated in the instructions; in fact, cases arise where one learned in the law would have much difficulty in so doing. It is manifest that in such cases instructions so drawn would be most prejudicial to the rights of the opposite party.

However, in the case in hand, we find that the error in these instructions was without prejudice to the appellant, for two reasons: First, in other portions of these instructions the facts necessary for the jury to believe, in order to render a verdict for the appellee, are sufficiently set out; second, it happens in this particular case that the facts on which the cause of action is grounded are so set out in the declaration that the jury could readily refer to it and ascertain what the court meant by the instructions.

We find no merit in the other assignments of error. We make these observations in reference to instructions given in this form, in view of the fact that such practice is becoming quite common. *Affirmed.*