# HAMMOND *v.* MORRIS.

(Division B.   March 17, 1930.   Suggestion of Error Overruled April
14, 1930.)

[126 So. 906.   No. 28510.]

Henry Mounger and T. B. Davis, both of Columbia, for appellant.

Rawls & Hathorn, of Columbia, for appellee.

Argued orally by **T. B. Davis** and **Henry Mounger**, for appellant, and by **C. V. Hathorn**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, Hammond, sued the appellee, Morris, and the Gulf Refining Company for personal injuries caused by the wreck of the car Hammond was driving.

The declaration alleged that Hammond was approaching the delivery truck of Morris on a public highway running north from Columbia to Jefferson Davis county, the parties traveling south. It was alleged that on approaching the truck, Hammond sounded the horn of his car three or four times; that the driver of the truck pulled to the right of the center of the road; that as the car was passing the truck, and when the radiator reached about the cabin of the truck, the truck turned suddenly to the left in the direction of the car; that in order to prevent a collision, it was necessary for the plaintiff, Hammond, to turn his car sharply to the left, and in doing so the left wheels, both fore and rear, went into the ditch on the side of the road on the east; that the car ran some little distance in this position, but approaching a culvert it was necessary to turn back into the road, the car at that time being past the truck, and that in turning, the hind wheels of the car did not come into the road, but threw the car across the road, and it ran into the ditch on the opposite side, or west side, wrecking the car and injuring the plaintiff by severely cutting his arm, neck, and shoulder, from which he suffered pain, was treated in the hospital, and was permanently injured.

The declaration also alleged that the negligence of the driver of the truck was wanton. The proof of the plaintiff failed to connect the Gulf Refining Company with the operation of the truck, it being shown that Morris owned the truck and hired the driver, and was engaged in business on his own account on a commission basis with the Gulf Refining Company. At the end of the plaintiff's testimony, a motion was sustained to strike out the evidence relating to the Gulf Refining Company, and granting a peremptory instruction, which action by the plaintiff is conceded to be correct. A motion to strike out as to Morris and a directed verdict was overruled, and the case went to the jury, and the jury found for the defendant.

There were two other persons riding in the car with the plaintiff, and these and Hammond testified that as they were approaching the truck, being driven by one Pierce, at a rate of speed of about thirty miles per hour, they sounded the horn three or four times, and that the truck driver pulled to the right of the center of the road, and they speeded up to pass the truck, and just as the front of their car was opposite the cabin of the truck in which the driver was seated, he turned suddenly to the left. In order to prevent a collision, the driver of the car had to turn to the left, and in doing so the car went into the edge of the ditch; that the left wheels, both front and rear, of the car went on the side of the ditch, but not to the bottom of it; that they ran along this way some forty or fifty yards and were approaching a culvert and pulled the car to the right, but the rear wheel did not come out of the ditch and threw the car across the road, and it ran into the bank on the right-hand, wrecking the car and injuring Mr. Hammond.

The driver of the truck, and another gentleman riding with him, testified that the truck was at all times on the right-hand of the center of the road; that it never turned into the left of the center; and that the plaintiff and the car in which he was riding approached at a high rate of speed, estimated at fifty miles an hour, and he did not see them until they were just even with the truck. They testified that they did not hear the horn sound; that the truck was traveling at a rate of about twenty miles per hour; and that as the car, occupied by the plaintiff, passed them, it turned into the road and ran across the road into the bank on the right-hand side, and the car was wrecked.

There were several witnesses for the defendant who came to the scene of the wreck immediately, or within a few minutes thereafter, some of them came while the truck and the wrecked car were still present, and knowing of the injury, and thinking there would be a suit with

reference to it, they made observations of the tracks made by the truck and also by the car. They testified that the track of the truck was at all places along the road near the scene of the injury upon the right-hand of the center, and that there was no sudden turn of the truck from the right-hand side of the road to the left-hand side. Some of these witnesses testified that they observed the track of the car, and could tell by the way the mud was thrown by this car, and by the track, that it was going at a very high rate of speed.

There was testimony for the plaintiff by another witness who testified that she saw the car approaching the truck and heard the sound of the horn blown by the car, and that she was a greater distance from the car than was the truck. The road where the wreck occurred was twenty-four feet wide between the ditch banks and was practically straight, but to the north some distance, there was a curve in the road.

The assignments of error are based upon instructions given for the defendant. The principal instruction complained of, the one to which most of the brief has been directed, reads as follows: "The court instructs the jury for the defendant, Van M. Morris, that before you can return a verdict in this case against the defendant, Van M. Morris, the plaintiff must prove by a preponderance of the evidence in the case each and every material allegation in his declaration, and you are further instructed that the allegation in the declaration that the defendant turned the truck suddenly to the left of the center of the highway, making it necessary for plaintiff to run his into the ditch or into the edge of the same, is a material allegation, and such an allegation as the plaintiff must prove by a preponderance of the evidence before you can return a verdict against the defendant, Van M. Morris."

The appellant relies strongly upon Southern Railway Co. v. Ganong, 99 Miss. 540, 55 So. 355, and Yazoo & M.

V. R. R. Co. v. Cornelius, 131 Miss. 37, 95 So. 90. These cases condemn instructions referring the jury to the declaration for the material allegations of the declaration. It is improper and erroneous to direct the jury to the declaration, in order to judge what is material therein and what is not material therein. The instruction should define, for the jury, the material allegations, and not leave them to draw their own conclusions from the declaration, but all error is not reversible error, and, although an instruction may be technically erroneous, the court will not always reverse for such error, but will look to all of the instructions in the case and determine from all of them whether the jury were given proper directions or not, and determine from all of them whether a particular error in one of them is sufficient to cause a reversal of the case. The plaintiff procured an elaborate instruction covering practically two pages of the record, which instruction fairly summarized the material parts of the allegation of the declaration, and the proof of the plaintiff, from which the jury must have derived a clear idea of what was necessary for them to believe for the plaintiff to sustain his cause. The instruction, above set out, complained of the fact that after telling the jury that the plaintiff must prove, by a preponderance of the evidence in the case, each and every material allegation in his declaration, it proceeded to state that the allegation in the declaration stated that the defendant turned the truck suddenly to the left of the center of the highway, making it necessary for plaintiff to run his car into the ditch, or the edge of the same; this is a material allegation and such an allegation as the plaintiff must prove by a preponderance of the evidence, before a verdict could be returned for him.

It appears from the proof that this material part of the declaration referred to in this instruction was the real battle-ground of the case, and, of course, it was necessary for the plaintiff to prove this feature of

the case in order to recover. In other instructions for the defendant, other material things were directed to the jury's attention, and taking all of these instructions together and considering each, we must think of one as modifying, explaining, or supplementing another. We are unable to see that there is any reversible error in this instruction. It is true this one instruction emphasizes the importance of the negligence with reference to the turning to the left but, as stated, it is the principal ground relied upon for a verdict. We do not believe that when it is considered in connection with the plaintiff's instructions, and the instructions for the defendant, it can be condemned for unduly emphasizing one phase of the case.

The argument for the appellant strongly plays up the possibility of the jury taking this instruction, and taking the allegations of the declaration and reaching the conclusion that although the plaintiff may have proved one or more of the allegations sufficient to enable him to recover, would not the words "each and every material allegation" require the jury to believe, when so considering the case, that the plaintiff must prove each sufficiently to make the jury believe from the preponderance of the evidence that it was true, although it might have proved a sufficient amount of the material allegations to authorize a recovery. We do not believe this argument can be logically pressed to this extent. The jury must be assumed to be men of good intelligence and sound judgment, and they are presumed to either have read, or heard read, the instructions in the case, and to have had the benefit of the argument of counsel on both sides of the case, and to have given due consideration to the instructions in the light of their experience as men of common sense in practical every day affairs, and in the light of the arguments of counsel, and when we consider the entire instructions with the evidence in this light, we do not believe that the case should be reversed. The phrase in the instruction "each and every material al-

legation,'' of course, needs explanation, as the jury are not in all cases required to believe that each material allegation is proven, where there are several different grounds of recovery alleged in the declaration. As stated above, the instruction was not drafted with the precision and correctness that instructions should have in dealing with questions of this kind. The jury, however, are plain and practical men of common sense, and are disposed to reach the conclusions that their sense of right and justice lead them, rather than to make critical analysis of verbal inaccuracies in instructions, or to give play to their imagination in studying and reading the instructions of the case.

In the second instruction complained of, it is said that the words ''suddenly turned to the left of the center of the road'' make it inaccurate and wrong, because as a matter of law it was not necessary for the turn to be made suddenly, but if he turned into the center of the road even gradually, and forced the plaintiff to run into the ditch, he would be liable, although the turn was not made suddenly. The criticism, as an abstract proposition, is, of course, sound, but the declaration alleged that the turn was made suddenly and the proof of the plaintiff sustained, if it was believed by the jury, the allegation that the turn was made suddenly, and the instruction, if applied to the evidence in this particular case, conforms to both the pleading and the evidence of the plaintiff thereon. The defense was not that the turn was not made suddenly, but that it was not made at all, and the minds of the jury and the counsel were not sharply directed to the question as to whether the turn must be made suddenly or otherwise. We do not think this sufficient to reverse the case.

The defendant also procured an instruction that if the jury believe from the evidence that the sole proximate cause of plaintiff's alleged injuries was due to the speed of his own automobile, the jury should return a verdict

for the defendant. We do not see any error in this instruction. There is sufficient proof for the jury to infer that the sole proximate cause of the plaintiff's injury was the speed of his automobile in undertaking to pass the truck, it being necessary for him to go east of the center of the road to do so. The defendant also had an instruction that if the jury believe from the evidence in the case that the plaintiff, Hammond, had control of his car after he got out of the ditch and onto the road, and before he got into the ditch on the right of the road, the verdict should be for the defendant.

In the testimony of Hammond, it was stated that he did not lose control of his car, but that the failure of the rear wheels to come out of the ditch caused him to run into the ditch upon the opposite side of the road. If Hammond had control of the car, and if the car was going at a reasonable rate of speed, he could, of course, have kept it from going into the ditch on the right-hand side of the road. The evidence upon this proposition tends strongly to lead the jury to believe that he had lost control of the car. However, it was for the jury to say whether he had lost control of the car or not. A plaintiff cannot complain that the jury should have interpreted his testimony differently from the way in which he stated it. The testimony of other witnesses tends to show that he had lost control of the car, and also tends to show that the car was traveling at too high a rate of speed at the time for the safe operation of the car in such situations. There was testimony in the record that the plaintiff stated that he must have stepped upon the accelerator rather than the brakes in making this passage by the truck. Some witness testified that he so stated at the time of the injury. It is quite possible that the jury may have thought this was the case, and that the car was wrecked through the fault of the plaintiff in mistaking the accelerator, lever, "treadle," or whatever name may be used for these instrumentalities.

We have gone through the instructions and considered them in the light of the evidence, and do not believe there is sufficient ground for reversal. The jury would be warranted in believing the witnesses who observed the situation immediately after the wreck, and who testified that the truck never at any time was on the left side of the center of the road, and never at any time made a sudden turn. If they did believe so, and believed that the plaintiff was driving at too high a rate of speed in passing the truck, under such circumstances, they could infer that the injury was due to his own negligence, without negligence on the part of the defendant. The judgment will be affirmed.

Affirmed.