## TECHE LINES, INC., *v.* KELLAR.

(Division A. Jan. 20, 1936.)

[165 So. 303. No. 31995.]

528

Porteous, Johnson & Humphreys, of New Orleans, La., and **Parker & Shivers**, of Poplarville, for appellant.

**J. M. Morse**, of Poplarville, for appellee.

Argued orally by **H. H. Parker**, for appellant, and by **J. M. Morse**, for appellee.

**Cook, J.**, delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Pearl River county against the Teche Lines, Inc., for damages alleged to have been sustained by the appellee, Mrs. Lula Kellar, while she was a passenger on a bus owned and operated by the appellant.

The declaration alleged that on July 18, 1934, appellee flagged the appellant's bus near Poplarville, boarded the same, and paid her fare to Poplarville; that before she could reach a seat the bus driver started the bus with a sudden, savage jerk, which threw her across a seat of the bus, striking her side and causing her great pain and suffering, as a result of which she suffered a miscarriage two days later.

While the testimony bearing upon the question as to whether or not the appellee was a passenger on the bus and suffered injury thereon is sharply conflicting, the appellee and her brother testified positively to the facts alleged in the declaration. This testimony was sufficient to require the submission of the issues to the jury, and we are unable to say that its verdict was against the overwhelming weight of the evidence.

The appellant assigns as error an instruction granted the appellee which reads as follows: "The court instructs the jury for the plaintiff, that if they believe from a preponderance of the evidence, that she was injured as alleged in the declaration by the negligence of the defendant corporation, and this negligence, if any, was the

proximate cause of the injury, if any, then it is the sworn duty of the jury to find for the plaintiff.''

In numerous decisions of this court it has been held that an instruction which requires the jury to resort to the pleadings to determine the issues to be decided is erroneous. Southern Railway Co. v. Ganong, 99 Miss. 540, 55 So. 355; Yazoo & M. V. R. Co. v. Cornelius, 131 Miss. 37, 95 So. 90; Lanham v. Wright, 164 Miss. 1, 142 So. 5; Rowlands v. Morphis, 158 Miss. 662, 130 So. 906. In the case at bar, however, we do not think this instruction requires or would justify a reversal, for the reason that it was cured by instructions granted the appellant. In the numerous instructions granted the appellant every material phase and charge of the declaration were fully covered, and the facts necessary for the jury to believe in order to render a verdict for the appellee were specifically and fully set forth, and consequently the error in this one instruction could not have been prejudicial to the appellant.

Appellant next assigns as error certain language used by counsel for the appellee in his closing argument to the jury. The special bill of exceptions reserved at the trial recites, in part, as follows:

''Honorable J. M. Morse, attorney for the plaintiff, while making his said closing argument used in addressing the jury the following language, 'Mr. Porteous, attorney for the defendant, has stated to you that there are seven lawsuits pending in the circuit court of Pearl River county against this defendant; that they are not going to pay a cent and are going to fight every one of them because ''we do not believe there is any merit in them and because we believe there are still honest people in Pearl River county,'' and that if suits continued to be filed against the company, it would be forced to change its route and go around Pearl River county.' Thereupon, Mr. Morse, said attorney, further used the following language, 'We do not ask them to come here and tax us

to build roads for them to run up and down, ride upon and make money.' To which argument of Mr. J. M. Morse, as attorney, the said defendant then and there objected and excepted. Thereupon, Mr. Morse, stated that he would withdraw said language and the court then stated to the jury that they should disregard the said language as it was objectionable. Thereupon, the defendant moved the court to withdraw the cause from the jury and declare a mistrial, which motion was overruled by the court and the defendant then and there excepted. During the further argument of the said cause by Mr. J. M. Morse, as attorney for the said plaintiff, and in the course of his argument, he made use of the following language, 'You need not think if you give us a small verdict they won't appeal. They are headed for the Supreme Court now.' Thereupon, the defendant objected to this argument and Mr. Morse, upon said objection being made, again stated to the jury that he withdrew the said argument. Thereupon, the court instructed the jury to disregard the said language used by said attorney. Thereupon, the defendant against moved the court to withdraw the case from the jury and declare a mistrial because of the language used by the said attorney, Mr. Morse, as above quoted, which motion was by the court overruled, to which action of the court in overruling said motion, the defendant then and there excepted and still excepts.''

For the statement of counsel that ''We do not ask them to come here and tax us to build roads for them to run up and down, ride upon and make money,'' there appears to us to have been considerable provocation in the quoted language of counsel for the appellant that he did not believe there was any merit in the numerous suits then pending against the appellant, and that, ''If suits continued to be filed against the company, it would be forced to change its route and go around Pearl River county.'' But, aside from that fact, we do not consider

either quoted statement of counsel for the appellee so prejudicial that it could not be cured by instructions of the court to the jury to disregard the said language of counsel. Upon objection to each of the statements, counsel for the appellee announced to the jury that he would withdraw the statement, and the court specifically instructed the jury to disregard it. There is nothing in this record to indicate that the jury disobeyed the specific instructions of the court in this regard, or that they were unduly influenced thereby, and we think the error, if any, in the argument was cured by the instructions of the court to disregard the statements of counsel.

Finally, it is contended that the verdict for one thousand five hundred dollars is grossly excessive. We will not set forth the testimony bearing on the condition of the appellee's health before and after the alleged accident; the pain and suffering of the appellee since her injury; and the testimony of her physician as to the treatment and methods necessary to be employed to restore her health. It will be sufficient to say that, after a careful consideration of all this testimony, we are unable to say that the verdict is so grossly excessive as to evince passion and prejudice on the part of the jury. Consequently, the judgment of the court below will be affirmed.

Affirmed.