# Jessup *v.* Reynolds.

In Banc. Dec. 31, 1949.

No. 37304 (43 So. (2d) 753)

**Mize, Thompson & Mize,** for appellant.

52

Ebb J. Ford, Jr., for appellee.

**Hall, J.**

Appellee brought suit against appellant and seven others, consisting of appellant's wife, father, three brothers, sister-in-law, and Fellowship Revival Association, a corporation of which appellant is president, seeking a recovery of damages, both actual and punitive, alleged to have been sustained by appellant because of an unlawful assault and battery upon her person. The jury returned a verdict against appellant alone in the amount of $5,000 from which he appeals.

The declaration charged that the individual defendants compose a syndicate of evangelistic preachers who go about over the southwestern and southeastern states holding open air meetings, collecting money from various persons whom they encourage to attend their meetings, and that they also sponsor, operate and maintain a nation-wide and international radio program which is broad-

cast almost every night over one of the world's most powerful radio stations at Del Rio, Texas; that they jointly conceived a violent dislike and hate of plaintiff and conspired and set about to ambush her physically at Gulfport, Mississippi, and in the plan and execution thereof, as the officers and directors of their corporate creature, the defendant corporation, they used the monies, facilities, automobiles and agencies thereof in assembling at said place, and did , in the nighttime, on one of the principal streets of said city, violently attack plaintiff and mercilessly strike and beat her; that these acts were deliberate, wanton, and wilful, and were planned by the group of defendants.

It is undisputed that the appellee was severely beaten on the occasion in question; there is a dispute as to who was the aggressor in the difficulty and as to what persons attacked appellee; her evidence shows that the attack was unprovoked and that her injuries were inflicted by the appellant and his wife, Mrs. Rose Jessup, while at the same time and on the same occasion appellee's mother was similarly attacked by appellant's brother, Darrell Jessup, and his wife, Mrs. Charlene Jessup. The evidence for appellant was to the effect that neither he nor his brother was present at the time of the difficulty, and that the only persons involved were appellee and her mother on the one side and Mrs. Rose Jessup and Mrs. Charlene Jessup on the other side. Upon this conflicting evidence the issue was, of course, for the jury to determine. The trial court granted a peremptory instruction to Fellowship Revival Association and submitted the issue to the jury as against the individual defendants.

Appellant's first contention is that the declaration was based upon an alleged conspiracy, and not upon assault and battery, that the verdict was in favor of all the defendants except appellant, that this necessarily means that the jury found there was no conspiracy, and since it so found, no verdict could be rendered against

appellant alone. We do not agree with the contention that the action is founded in conspiracy and not upon assault and battery; the gravamen of the whole complaint is assault and battery and the charge of conspiracy is only incidental thereto; moreover, this is a civil action and not a criminal prosecution for conspiracy, and the rule in criminal cases has no application here. In 15 C.J. S., Conspiracy, Section 21, p. 1031, it is said: "The gist or gravamen of the action is not the conspiracy itself, but is a civil wrong, which is done under the conspiracy, and which results in damage to plaintiff." And in 15 C.J.S., Conspiracy, Section 31, C, p. 1052, it is said: "As a general rule, as the gravamen of the action is the damage and not the conspiracy, as stated supra Section 21, a verdict or judgment may be rendered against any one or more of defendants, and in favor of the others, as the rule as laid down in Corpus Juris, which has been quoted and cited with approval, is that if plaintiff fails in the proof of a conspiracy or concerted design, he may still recover damages against one or more of defendants shown to be guilty of the tort without such agreement, and is not entitled to a verdict against defendants whom he does not prove participated in the wrong." To the same effect is 11 Am. Jur., Conspiracy, Sec. 59, p. 588, where it is said: "Under the now obsolete common-law writ of conspiracy, it was essential that at least two persons be joined and found guilty. Since the gist of the modern civil action of conspiracy, however, is the damage and not the combination, the authorities sustain the proposition that ordinarily a verdict may be rendered against one of the defendants even though no conspiracy is proved." The quoted authorities announce the rule which is well recognized throughout this country and it therefore follows that there is no merit in appellant's first contention.

It is also assigned that error was committed in the granting of certain instructions to appellee, one of

which authorized a recovery if the jury should believe from the evidence that the defendants "without just provocation physically attacked the person of plaintiff, June Reynolds, as charged in the declaration", and the other authorized the jury, in its discretion, to award punitive damages if they believed from the evidence that the defendants "wantonly or wilfully attacked the plaintiff, as charged in the declaration." It is contended that these instructions are erroneous in referring the jury to the declaration, and it is true that such a practice has been condemned by this court in several cases for the reason that frequently a declaration is couched in technical and complicated language and the jury should not be required to go to the declaration in order to decipher the facts from it. It will be noted, however, that the two instructions under the examination both gave a correct statement of the necessary facts which the jury must believe before awarding plaintiff a verdict and consequently it was not necessary for the jury to sift the declaration and carve out of it such facts as were essential to recovery. The appellant was guilty of the very impropriety for which he seeks to condemn the appellee, for he obtained an instruction saying "The court instructs the jury that the burden of proof is upon the plaintiff in this case to prove by a preponderance of the evidence every material allegation of the declaration, and if they fail so to do, then you shall find a verdict for the defendants." The appellant's quoted instruction gave no sort of rule, guide, or even hint to the jury as to what allegations of the declaration were material, but that criticism cannot be made of the aforesaid two instructions for appellee. Moreover, the jury was fully charged in numerous instructions for both parties as to the applicable law of the case. This being true the instructions, even if erroneous, would not be so prejudicial as to require a reversal. Teche Lines, Inc. v. Keller, 174 Miss. 527, 165 So. 303; Lanham v. Wright, 164 Miss. 1, 142 So. 5; Southern Railway Co. v. Ganong, 99 Miss. 540, 55 So. 355.

█ █ Appellant also contends that prejudicial error was committed in the reception of evidence as to relations between himself and appellee prior to the date of the formation of the alleged conspiracy to commit the assault and battery. The trial court held, and properly so in our opinion, that it was competent for appellee to give a brief history of their relations without going into detail. Such evidence as was admitted tended to show the motive for the assault and battery and also tended to establish the participation of the other defendants in the planning thereof. It was practically an impossibility to prevent the showing of the situation which led up to the difficulty. Prior events were competent to establish the charge of wantonness and wilfullness in the commission of the offense, and we are of the opinion that the court below did not transcend the proprieties of the occasion by admitting evidence which was so improper or prejudicial as to require a reversal.

█ █ Three motions for a continuance were filed in the lower court and all were overruled, in which action it is contended that error was committed. The first motion stated no legal ground for a continuance. The second and third motions were only on behalf of the defendants, Byron Jessup and James Jessup, who claimed that they were in Fort Worth, Texas, at the time of the difficulty, and who desired time to obtain the attendance of witnesses from that place. The evidence sought to be thus obtained was purely cumulative, and furthermore the named defendants were not prejudiced by the action of the court in overruling the motions for the jury accepted their alibi, as established by the witnesses who were present at court, and found in their favor.

█ █ It is also contended that the lower court erred in not dismissing the suit because of failure of the appellee to promptly answer numerous interrogatories propounded after court convened, and after the case had been set for trial on a day certain. Appellee and her mother

resided in San Diego, California. After being notified of the date set for trial they left for Mississippi, travelling by automobile. With reasonable promptness after their arrival the interrogatories were answered. Section 1712 of the Mississippi Code of 1942 provides that such interrogatories shall be answered within a reasonable time or the cause shall be dismissed. In this case it was impossible for appellee's counsel to contact her en route and obtain the necessary information for preparing her answers. He did comply as soon as he reasonably could. In McLean v. Letchford, 60 Miss. 169, this court said: "The complainants were residents of many different and distant states, and less than thirty days elapsed between the notice given and the final hearing of the cause. The severe consequences of failure to answer interrogatories under this statute should not be visited upon complainants, except where there has undoubtedly been ample time to comply with its requirements." Hence we find no error in this assignment.

It is contended finally by appellant that the verdict is contrary to the overwhelming weight of the evidence. We have carefully reviewed the entire record before us and we find that there was sufficient proof to support the verdict, and consequently the judgment of the trial court is affirmed. Affirmed.