Evans *v.* Jackson City Lines, Inc.

Division B. Jan. 7, 1952.

No. 38149 (56 So. (2d) 80)

Barnett, Jones & Montgomery, and Francis S. Bowling, for appellant.

898

Forrest B. Jackson, for appellee.

**Ethridge, C.**

This appeal questions the validity of four instructions granted appellee, Jackson City Lines, Inc., defendant in the court below. Appellant, Mrs. Mattie Lou Evans, brought suit in the Circuit Court of the First Judicial District of Hinds County seeking damages from appellee for the alleged negligence of its bus driver in closing

a bus door on her while she was entering the bus. Appellant and another witness testified that the bus driver negligently slammed the door on appellant while she was on the bottom step of the bus in the process of boarding it, that the door struck her on her arms and shoulders, that there was nothing in the way to prevent the driver from seeing her before and while she was boarding the bus, and that as a result of such negligence appellant fell on the curb of the street and was injured. For the appellee, the bus driver testified that as soon as he saw appellant's foot come up in the door of the bus, he stopped the door in the process of closing and threw it back open, that the door did not knock appellant down, that she fell because she lost her balance in stepping on the bus step and sat down on the ground. The jury returned a verdict for appellee with conflicting evidence on the issue of negligence. This was a jury question, and the verdict is not contrary to the overwhelming weight of the evidence.

Appellant says that the trial court erred in granting defendant's instruction Number 2: ''The Court instructs the jury that the fact that an accident occurred is not of itself any proof of negligence, and in the case under consideration, to warrant a recovery by the plaintiff, it is not enough for her to show that she fell, or that she fell and sustained certain injuries therefrom; nor is the negligence of Jackson City Lines, Inc., to be presumed or inferred by you from the mere fact that the plaintiff fell, but before the plaintiff can recover, she must prove by a preponderance of the credible evidence that the defendant, acting by and through its duly authorized agents and servants, failed to exercise that degree of care that an ordinarily prudent man would exercise under the same or similar conditions, and that such negligence, if any you find, was the proximate cause of the injuries, if any, sustained by Mrs. Mattie Lou Evans, the plaintiff.''

Appellant argues that this instruction placed upon her too high a degree of proof; that a common carrier

must exercise the highest degree of care and diligence for the safety of its passengers, and that the instruction is based upon ordinary care alone. It is true that ██ ██ the law requires the highest degree of care and skill by common carriers. Teche Lines, Inc. v. Britt, 1936, 176 Miss. 681, 693, 170 So. 294. But appellant did not submit that theory to the jury. The only instruction obtained by appellant on the issue of liability was based upon a theory of "reasonable care" and "negligence". Plaintiff's instruction Number 4 stated: "The Court instructs the jury that if you believe from a preponderance of the evidence in this case that on the day in question the plaintiff was attempting to board the defendant's bus, and you further believe that the driver of the bus closed the door on the plaintiff, at a time when the driver knew, or by the exercise of reasonable care should have known, that plaintiff was getting into the bus, and you further believe from a preponderance of the evidence that such action on the part of the driver was negligence, and that such negligence, if any, if shown by a preponderance of the evidence, proximately caused or proximately contributed to plaintiff's injuries, then it is your sworn duty to return a verdict for the plaintiff."

By this instruction appellant submitted to the jury her theory of "reasonable care", and "negligence", and not one of a high degree of care and skill. The instruction complained of, and quoted above, defendant's instruction Number 2, submits this same theory. ██ ██ A party may not complain of an instruction where he has procured a similar one which used substantially the same language or theory. Liverpool and London and Globe Insurance Co. v. Van Os and Schuster, 1886, 63 Miss. 431; Ross v. Louisville & N. R. Company, 1938, 181 Miss. 795, 181 So. 133; Gulf and Ship Island R.R. Co. v. Boswell, 1904, 85 Miss. 313, 38 So. 43. ██ ██ Moreover, the instruction complained of required defendant "to exercise that degree of care that an ordinarily prudent man would exercise under the same or similar con-

ditions * * *." And as was said in Supreme Instruments Corp. v. Lehr, 1941, 190 Miss. 600, 199 So. 294, suggestion of error sustained, 190 Miss. 623, 627, 1 So. (2d) 242, 245, "requisite care remains always that degree of care commensurate with appreciable danger appraised in terms of ordinary prudence and interpreted in the light of the attendant circumstances."

Appellant also complains of defendant's instruction Number 3. The court there told the jury that plaintiff must prove her charge of negligence by a preponderance of the credible evidence. That instruction then stated: "If, therefore, you find the evidence touching the charge of negligence against the defendant to be evenly balanced, after fairly considering it, it is your sworn duty to return a verdict for the defendant."

We do not approve this type of instruction, because of the risk of error to be incurred in trying to properly phrase and further define the requirement that a plaintiff must prove her case by a preponderance of the evidence. See Blalock v. Magee, 1949, 205 Miss. 209, 38 So. (2d) 708, 714. The instructions condemned in such cases as Gentry v. Gulf & S. I. R. Co., 1915, 109 Miss. 16, 67 So. 849, through Durrett v. Mississippian R. Co., 1934, 171 Miss. 899, 158 So. 776, involved entirely different types of condemned instructions, in which usually the plaintiff was required to prove all of the elements of his action beyond doubt. The defendant's instruction Number 3 confined the stated criterion to "the evidence touching the charge of negligence". As so limited, the instruction is conceptually correct. Contributory negligence of the plaintiff was not pleaded by the defendant or submitted to the jury in the instructions, so this instruction presents no conflict with Code Section 1454, the comparative negligence statute. Compare Wilburn v. Gordon, 1950, 209 Miss. 27, 45 So. (2d) 844. A somewhat similar instruction to that quoted above was upheld in Jones v. Missouri Freight Transit Company, 1931, 225 Mo. App. 1076, 40 S. W. (2d) 465.

Defendant's instruction Number 7 stated: "The Court instructs the jury that you may not, under the law, decide this case upon a mere guess, suspicion or surmise that Mrs. Mattie Lou Evans may have been injured as the result of some negligence of the defendant, but the law requires the plaintiff to prove her case and every material allegation of her declaration by a preponderance of the credible evidence in this case and, unless she has done so, it is your sworn duty to return a verdict for the defendant."

 Appellant says that this instruction is reversible error because it requires the jury to refer to the declaration, and that this practice has been condemned in numerous cases. The instruction is erroneous in this respect, but we do not think that it is reversible error. Rule 11 of this Court. The issues were adequately outlined in plaintiff's instruction Number 4, which is quoted above. All of the instructions must be considered together. That instruction set out plaintiff's theory of her case and what plaintiff must prove by a preponderance. It has also been held that an instruction referring to the declaration is not reversible error where the factual issue is narrow and comparatively uncomplicated, which was the situation here. For example, in Lanham v. Wright, 1932, 164 Miss. 1, 142 So. 5, the court condemned an instruction referring the jury to the declaration, because a declaration "is usually couched in technical and complicated language". ██ █ The test is whether prejudice or confusion would likely result from such instruction. We do not think that it would have in this case and under these circumstances. J. J. Newman Lbr. Co. v. Dantzler, 1914, 107 Miss. 31, 64 So. 931. In Teche Lines, Inc. v. Kellar, 1936, 174 Miss. 527, 165 So. 303, an instruction referring the jury to the declaration was cured by other instructions granted the appellant. See also Wilburn v. Gordon, supra.

Appellant also argues that defendant's instruction Number 8 was error. It stated: "The Court instructs

the jury that you are the sole judges of the weight of the evidence and the credibility of the witnesses in this case; that by a preponderance of the evidence is meant the greater weight of the credible evidence; ██ ██ that in passing on the credibility of witnesses, you may take into consideration the demeanor and action of the witness while testifying, that is to say, the general attitude of the witness, as well as the interest, bias or prejudice of such witness in the case; and unless the plaintiff has proven her case by a preponderance of the credible evidence, that is, the greater weight of the credible evidence under all the instructions given you in this case, then it is your sworn duty to return a verdict for the defendant.''

In Sanders v. State, Miss., 1939, 192 So. 344, it was said that the giving of such an instruction rests in the sound discretion of the trial judge. It is in general terms and expresses a mere truism. Alexander, The State Also is Entitled to a Fair Trial, 12 Miss. L. J. 265, 286-294 (1940). In Hoxie v. Hadad, 1943, 193 Miss. 896, 11 So. (2d) 693, the court disparaged the use of such an instruction, but said that when it is in general terms it is harmless and not reversible error. Appellant says that the instruction can be interpreted to refer only to the interest of the plaintiff, and that it is error to single out a particular witness. However, in addition to the plaintiff as a possible interested witness, there was also Morgan, the bus driver, X-ray technicians, and several doctors. Some of them testified for plaintiff and some for defendant. The instruction was two-edged, because the jury could have found that any or all of these parties were interested. The instruction should have been refused, but under these circumstances is harmless.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.