HARRINGTON *v.* PILKINTON.

April 26, 1954

No. 39211 62 Adv. S. 7 71 So. 2d 884

*Cunningham & Cunningham,* Booneville; *Sims & Sims,* Columbus; *Armis E. Hawkins,* Houston, for appellant.

*Wm. G. Burgin, Jr., Sams & Jolly,* Columbus, for appellee.

LEE, J.

John P. Harrington sued S. Talmadge Pilkinton in the Circuit Court of Lowndes County to recover damages for personal injuries which he sustained in a collision between his motorbike and Pilkinton's automobile. The verdict of the jury was for the defendant, and Harrington appealed.

About 5 p. m. June 19, 1952, plaintiff was riding his motorbike on Highway No. 8 from his place of business in the town of Houston to his home, about 2 miles east of town. The defendant, in an automobile, was traveling in the same direction. As plaintiff cut to the left in order to go to his home, on the north side of the road, there was a collision between the two vehicles, as the result of which, the injuries were sustained.

By his declaration and proof, the plaintiff tendered this issue: Pilkinton, by failing to keep a proper lookout and his automobile under control, and in driving at a high rate of speed, on the wrong side of the road, without blowing his horn or giving any other signal, negligently drove into and against the motorbike at a time when plaintiff was lawfully making a left turn, after giving the statutory signal therefor.

On the contrary, the answer and proof of the defendant was an unequivocal denial of plaintiff's contention and version. He affirmed that he was operating his automobile in accordance with the law, and that, at a time when he was attempting to pass the motorbike in a safe and lawful manner, the plaintiff, without any notice whatever, suddenly turned his motorbike sharply to the left and ran into the automobile.

These facts were without substantial dispute: The road was straight and without obstructions. Harrington knew the automobile was behind him. Pilkinton knew

the motorbike was in front of him. The motorbike was traveling at a speed of about 30 miles an hour. The automobile speeded up from about 35 miles an hour to 45 or 50. The collision occurred while the automobile was attempting to pass. It happened on the north side of the highway.

The decisive issue was whether Harrington gave the required signal before turning to the left and Pilkinton negligently ran into him, or whether he cut sharply to the left, without giving a signal, and negligently ran into the automobile.

Miss Nadine Armstrong gave substantial corroboration to the plaintiff's version. The defendant was the only eyewitness on his side. Some physical facts sustained the plaintiff's version, while others corroborated the defendant.

The plaintiff obtained liberal instructions which pointed out the duty of the defendant in regard to the control of his automobile; in following the motorbike; in operating his automobile at a reasonable and proper speed; and in keeping a proper lookout ahead. The jury was further instructed, in effect, that if plaintiff gave a proper signal that he was leaving the highway and the defendant saw, or should have seen it, but on account of unreasonable speed he struck the motorbike, then the jury should find for the plaintiff.

Defendant's instruction No. 1 required the plaintiff to "prove each and every material allegation of his declaration by a preponderance of the testimony in this cause, and if you believe that the plaintiff has failed to meet this burden, or has failed to prove any one material allegation of his declaration, then it is your sworn duty to return a verdict in this cause in favor of the defendant."

Appellant contends vigorously that the granting of the above instruction No. 1 constituted reversible error.

This Court has repeatedly criticized instructions which refer the jury to the declaration in order to ascertain the issues. Southern Railroad Co. v. Ganong, 99 Miss. 540, 55 So. 355; Hammond v. Morris, 156 Miss. 802, 126 So. 906; Teche Lines, Inc. v. Kellar, 174 Miss. 527, 165 So. 303; Wilburn v. Gordon, 209 Miss. 27, 45 So. 2d 844; Evans v. Jackson City Lines, Inc., 212 Miss. 895, 56 So. 2d 80; Southland Broadcasting Co. v. Tracy, 210 Miss. 836, 50 So. 2d 572.

The Ganong case, supra, was not reversed because it was held that the instruction was without prejudice; that other portions of the instructions contained the facts necessary to be believed by the jury; and the declaration set out the cause of action clearly. The Morris case, supra, was not reversed because other instructions covered the questions at issue and the particular allegation referred to in the latter part of the instruction was material. The Kellar case, supra, was not reversed because the error was cured by other instructions. The Gordon case, supra, was not reversed because other instructions incorporated the absent hypothesis omitted from the challenged instruction. The Jackson City Lines case, supra, was not reversed because the issues were admittedly outlined in a plaintiff's instruction. In the Tracy case, supra, a verdict was returned against the defendant notwithstanding it had obtained the instruction, and the error was therefore deemed harmless.

We now again condemn that kind of instruction and inveigh against it. However, since the instructions for the parties clearly submitted the decisive issue in the case, we hold that the error in this respect was not such as to warrant a reversal of the case.

■■■ Defense instruction No. 2, complained about, should have required the plaintiff to prove by a preponderance of the evidence that the alleged negligence of the defendant proximately *caused or contributed* to the collision, instead of merely proximately caused the collision,

and, to that extent was erroneous. However, in his instructions Nos. 2, 4 and 5, the plaintiff used only the term *proximate cause*. In his instruction No. 1 the announcement was that it was only necessary that the negligence "proximately contributed" to the collision. When the instructions are all read and considered together, there is no substantial basis upon which the jury could have been misled by such omission.

The other assignments have been duly considered, but are not deemed of sufficient merit to require a response.

 The disputed issues of fact in this case make it typical for the decision of a jury. There was sufficient evidence to sustain their finding; and it follows that the case should be, and is, affirmed.

Affirmed.

*Roberds, P. J.,* and *Holmes, Arrington and Ethridge, JJ.,* concur.