■ In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Respondent, against MOUNT PLEASANT WESTCHESTER CEMETERY CORPORATION, Appellant.— The appeal is from an order granting respondent's application for enforcement of its order directing appellant, *inter alia*, to bargain collectively with a named labor union as the exclusive bargaining representative of a stated unit of appellant's employees, and denying appellant's cross motion to vacate and set aside said order of respondent. Order unanimously affirmed, with $10 costs and disbursements. The Legislature, in enacting the New York State Labor Relations

Act (Labor Law, art. 20) pronounced in section 700 thereof that the refusal by some employers to accept the procedure of collective bargaining " substantially and adversely affect[s] the interest of " not only employees and other employers but also " the public in general "; that it leads to conditions " which are inimical to the public safety and welfare, and frequently endanger the public health "; and that therefore " In the interpretation and application of this article, and otherwise, it is hereby declared to be the public policy of the state to encourage the practice and procedure of collective bargaining ". It further stated in the said section that all provisions of the act " shall be liberally construed for the accomplishment of this purpose " and that the act " shall be deemed an exercise of the police power of the state for the protection of the public welfare, prosperity, health and peace of the people of the state ". In the light of these provisions, any statutory provision exempting any particular type of employer from the operation of the act should be strictly construed. Respondent has correctly applied such strict construction to the term " charitable " corporation in section 715 of the Labor Law so as to exclude from the exemption the appellant, a cemetery corporation, whose certificate of incorporation does not indicate that its corporate purposes are devoted wholly to the public welfare and without profit. There is warrant in the record for respondent's determination that appellant is not a " charitable " corporation within the intendment of section 715. Present — Wenzel, Acting P. J., MacCrate, Beldock, Murphy and Ughetta, JJ. [208 Misc. 50.]