MORRIS *v.* LAMMONS

No. 42288          April 9, 1962          139 So. 2d 867

*Forrest B. Jackson,* Jackson, for appellant.

*Satterfield, Shell, Williams & Buford, K. Hayes Calli-cutt,* Jackson, for appellee.

McGehee, C. J.

The appellant Mrs. Ben Morris (Mrs. Martha Morris) brought this suit against her sister, the appellee, Mrs. Emmett E. Lammons, to recover damages growing out of an automobile accident which occurred on March 26, 1960, at the intersection of U. S. Highway 49 North (also known as Delta Drive) with Pocahontas Street in Jackson, Mississippi.

The appellant, Mrs. Morris, lives at MerRouge, Louisiana, and came to the home of her sister, the appellee, in an Oldsmobile car which had been recently purchased. The appellee borrowed the automobile from the appellant to drive on a business trip to Yazoo City, and invited the appellant and a Mr. James S. Partin to accompany her; but the appellee drove the appellant's automobile. They arrived at Yazoo City about 9:00 or 9:30 P. M. and left on their return to Jackson between 11:00 and 11:30 P. M., and when they reached the intersection of U. S. Highway 49 North and Pocahontas Street about 1:00 A. M., with the appellee driving allegedly at a fast rate of speed and on the wrong side of a four-lane highway, they encountered another car, driven by Henry Davis, a colored man, who was making a left turn from Pocahontas Street into the proper lane for travel in the way he was going, and it was then

that the collision occured in which the appellant was injured.

En route from Yazoo City to the intersection where the accident occurred, the occupants of the automobile belonging to the appellant, stopped for a few minutes at Club Catherine. Prior to arriving at that place both the appellant and Mr. Partin say that he had remonstrated with the appellee about driving at such a fast rate of speed, and offered to take over the driving. Before reaching Club Catherine, traveling southwardly, the appellee was at the steering wheel of the car, the plaintiff was seated next to her, and Mr. Partin on the right of the plaintiff, all on the front seat of the automobile. And although the plaintiff had heard Mr. Partin remonstrating with the appellee about driving at such a fast rate of speed, and although the plaintiff Mrs. Morris testified that she could have taken over the operation of the automobile at Club Catherine, where they had stopped, she nevertheless permitted the appellee to continue driving and each of the occupants of the car resumed their respective seats.

The testimony of two officers was to the effect that all of the parties were drinking intoxicating liquor, and Mr. Partin at the trial of his own case against the appellee admitted he testified that the appellee was drinking intoxicating liquor and that she spent the night in the city jail at Jackson for driving while under the influence of intoxicating liquor. He did not know how or when he got home. When he aroused the next morning he was in his bed at home. Henry Davis, the driver of the automobile with which the appellee collided, also testified that all of the occupants of the car were drinking. This testimony was given at the trial of his own case against the appellee.

The appellant herein and also Mr. Partin and Henry Davis, as well as the appellee, repudicated their testimony at these former trials wherein they were rep-

resented .by the same attorney who tried the instant case and .not by the attorney who represents the appellant on this appeal.

The principal errors assigned and relied on for a reversal of this case are the instructions given the defendant dealing with the assumption of risk by the plaintiff in the instant case, and the contention of the appellant that the verdict of the jury in favor of the defendant was against the overwhelming weight of the evidence. The trouble with the appellant's contention that the trial court erred in granting instructions for the defendant dealing with the alleged assumption of risk by the plaintiff, is that the plaintiff obtained instructions of like import, as follows:

"The court instructs the jury for the plaintiff, that on the occasion here involved, and under the facts and circumstances of this case, the defendant was guilty of negligence as a matter of law, and, therefore, that it is the duty of the jury to return a verdict for the plaintiff unless you believe by a preponderance of the evidence that the plaintiff voluntarily assumed the risk of injury from dangers or hazards which were or should have been obvious or apparent to plaintiff."

"The Court instructs the jury on behalf of the plaintiff that even though plaintiff was a passenger in her own automobile at the time and place involved that the plaintiff did not assume the risk of injury resulting from defendant's negligence, if any, and that the plaintiff assumed no risks of injury from the operation of said automobile except risks of injury which are ordinarily incident to travel in a motor vehicle operated by a reasonably prudent driver and risks of injury from dangers or hazards which were or should have been obvious or apparent to plaintiff."

It was held in the case of Liverpool, London & Globe Ins. Co. v. Shuster, et al, 63 Miss. 431: "The second instruction given for the plaintiffs, and the second for

the defendant, announce practically the same rule for the guidance of the jury in determining what quantity of evidence was required by law to warrant it in finding a verdict for the defendant upon the ground that the plaintiffs had set fire to the store and burned their own goods. If the rule was erroneous it was invoked as well by the defendant as the plaintiffs, and the defendant cannot assign it for error.''

And in Evans v. Jackson City Lines, 212 Miss. 895, 56 So. 2d 80, the Court, in dealing with the point now under consideration, said: ''By this instruction appellant submitted to the jury her theory of 'reasonable care', and 'negligence', and not one of a high degree of care and skill. The instruction complained of, and quoted above, defendant's instruction Number 2, submits this same theory. A party may not complain of an instruction where he has procured a similar one which used substantially the same language or theory.''

██ Moreover, we do not think that the trial court committed error in granting the instructions to the defendant dealing with the doctrine of assumption of risk, under all the facts and circumstances disclosed by this record. This is true aside from the fact that the plaintiff obtained the two instructions hereinbefore quoted. See Saxton v. Rose, 201 Miss. 814, 29 So. 2d 646, and authorities therein cited. See also 4 Blashfield Cyclopedia Automobile Law and Practice, Section 2512, p. 716, and cases there cited.

██ As to whether or not the verdict for the defendant is against the overwhelming weight of the evidence, the appellee, Mr. Partin, and Henry Davis, as well as the appellant, repudiated the testimony that had been given in separate suits formerly tried of Partin v. Mrs. Lammons, and Henry Davis v. Mrs. Lammons, and their testimony in these former suits was introduced by agreement in the instant case; and then on the trial of the instant case the attorney for the appellee thought

it necessary to advise her in the presence of the trial judge not to mention in her testimony anything about there being insurance. But the appellee, Mrs. Lammons, was introduced on the trial of the instant case as an adverse witness and she obviously and purposely testified "to the last headnote" in an effort to assist her sister, the plaintiff, to make out a case against the said witness.

It is difficult to conceive how a jury would have been able to figure out the exact truth about the collision, the rate of speed of the car that the appellee was driving or as to whether all of the occupants of the car were under the influence of intoxicating liquor at the time, or only the driver thereof.

Since the appellant admitted on the trial that she could have taken over the operation of her own automobile upon leaving Club Catherine just prior to the collision, and that she failed to do so, we think that the jury was warranted in finding that she assumed the risk incident to continuing to ride in the car at an excessive rate of speed and while the driver was so obviously under the influence of intoxicating liquor as to have had to spend the night in jail on account thereof. Moreover, the appellant cannot complain about the instructions granted the defendant dealing with the assumption of risk by the plaintiff, since the plaintiff obtained instructions dealing with the same.

We are, therefore, of the opinion that the verdict of the jury and the judgment in favor of the defendant were correct under all of the facts and circumstances and the contradictory testimony of the parties as witnesses.

Affirmed.

*Kyle, Ethridge, Gillespie* and *Rodgers, JJ.,* concur.