186 So.2d 760 (1966)
The MERCHANTS COMPANY and Milton T. Johnson
v.
Dewey L. HUTCHINSON.
No. 43982.
Supreme Court of Mississippi.
May 23, 1966.
*761 Dudley W. Conner, Hattiesburg, for appellants.
George B. Grubbs, Mendenhall, Kervin & McIntosh, Collins, for appellee.
INZER, Justice:
This is an appeal by The Merchants Company and Milton T. Johnson, appellants, defendants below, from a judgment of the Circuit Court of Covington County, wherein Dewey L. Hutchinson, appellee, plaintiff below, recovered a judgment in the amount of $100,000 as damages for personal injuries as a result of a collision between a Chevrolet pickup truck in which Hutchinson was riding and a Chevrolet truck owned by The Merchants Company and driven by Johnson. Hutchinson was paid workmen's compensation by his employer and its carrier, Great American Insurance Company, and the insurance company intervened in this cause under the provisions of Mississippi Code Annotated section 6998-36 (1952).
The accident at about 9:15 a.m. on December 10, 1962, at the intersection of U.S. Highway No. 49 and a graveled road known as Sunset Road. At the point of the intersection, Highway No. 49 runs generally in a north-south direction, and Sunset Road runs generally in a southeast-northwest direction. There is a crest of a hill about 315 feet north of the intersection. Southbound traffic cannot see the intersection before it reaches this point, and northbound traffic approaching the intersection cannot see the oncoming traffic until it reaches the crest of the hill. The weather was clear and cold, and the road was dry. Hutchinson was employed by Willmut Gas and Oil Company, and had been so employed for several years. He and two fellow employees were on their way from Magee to Collins to repair a gas meter. They were riding in a 1961 pickup truck owned by Willmut and driven by Haley Roberts. Hutchinson was seated in the middle and Hubbard Ainsworth was seated on the right side of the cab. They were traveling south on Highway No. 49 at a speed of about forty-five miles per hour as they approached the intersection. The truck owned by The Merchants Company and driven by Johnson was proceeding north on Highway No. 49, and when the truck reached the intersection, Johnson turned it to the left into the west lane of the highway to make a left turn into Sunset Road. He began his left turn before he reached the center of the intersection. When Johnson began his turn, the pickup truck was about fifty or sixty feet north of the intersection according to the testimony of Hutchinson and the other two occupants of the pickup truck. They said Johnson did not give any signal of his intention to make a left turn. Roberts immediately applied his brakes and locked the wheels of his truck. It skidded thirty feet or more, and the front of the pickup struck the left front fender of the truck driven by Johnson. The point of impact was near the west edge of the west lane of the highway at a point south of the center of the intersection. As a result of the collision, Hutchinson suffered serious, permanent injuries. Johnson testified that as he approached the intersection, he turned on his signal lights to make a left turn about 150 feet from the intersection. He slowed his truck almost to a stop to allow *762 a car approaching from the north to clear the intersection. He looked up the highway and did not see any other traffic approaching; he then looked west on Sunset Road and saw that it was clear. He put his truck in low gear and started his turn, and when he was about four or five feet into the west lane of the highway, he saw the pickup truck which was then about 200 feet away and traveling at a speed which he estimated at sixty miles or more per hour. He tried to accelerate his truck to clear the intersection, but his truck "coughed" and did not pick up. He said that the driver of the pickup did not apply his brakes until he was about sixty feet away and then skidded into the left front fender of his truck without turning the vehicle to avoid the collision. His testimony was corroborated to some extent by the testimony of William Carr.
Appellants assign many errors on the part of the trial court as cause for reversal of this case. Many of the errors assigned are admittedly not reversible errors, but appellants contend there is such an accumulation of errors that they were deprived of a fair trial. We do not deem it necessary to discuss all the errors for the reason that we are confronted in the outset with erroneous instructions to the jury that make it necessary to reverse this case. The testimony clearly created a jury issue as to whether Johnson, the driver of the truck, was guilty of any negligence that caused or contributed to the accident. The declaration charged that Johnson was guilty of negligence in three respects. They are: (1) In attempting to turn his vehicle from his lane of traffic into that lane of traffic reserved for traffic of the vehicle in which Hutchinson was riding at the time when the vehicle was in such close proximity to constitute an immediate hazard; (2) In failing to yield the right-of-way to other vehicles, particularly the vehicle in which Hutchinson was riding; (3) In not keeping a reasonable and proper lookout for other vehicles using the public highway. Hutchinson was granted six instructions, one was on the measure of damages; one on a nine man jury verdict; one on the form of a verdict; and the other three involved negligence. Instruction No. 1 instructed the jury that Johnson was acting in the scope of his employment for The Merchants Company and that The Merchants Company was liable for the negligence, if any, of Johnson, and that Johnson was liable for his own negligence, if any, at said time and place. The instruction then stated:
* * * (A)nd if you believe from a preponderance of the evidence in this case that the negligence of Milton T. Johnson, if any, at the time and place in question, proximately caused or contributed to the injuries, if any, of Dewey L. Hutchinson, then, it is your sworn duty to find and return a verdict for the Plaintiff against The Merchants Company and Milton T. Johnson.
This instruction simply told the jury that The Merchants Company was liable for any negligence on the part of Johnson, and if the jury found that Johnson was guilty of negligence, then they must return a verdict against both defendants. It did not furnish the jury with any guide as to what acts or omissions on the part of Johnson constituted negligence. Instruction No. 2 is in the following language:
The Court instructs the Jury for the Plaintiff that if you believe from a preponderance of the evidence in this case that the Defendant, Milton T. Johnson, was negligent in the operation of the truck owned by the Defendant, The Merchants Company, at the time and place testified about by the witnesses, and that said negligence, if any, proximately contributed to the injury of Dewey L. Hutchinson, then the doctrine of unavoidable accident does not apply, and it is your sworn duty to find and return a verdict for Dewey L. Hutchinson against Milton T. Johnson and The Merchants Company. *763 This instruction informed the jury that if they found that Johnson was negligent in the operation of his truck, then the doctrine of unavoidable accident did not apply. It likewise did not attempt to inform the jury what acts or omissions on the part of Johnson constituted negligence. Instruction No. 3 is as follows:
The Court instructs the Jury for the Plaintiff, Dewey L. Hutchinson, that the law imposes upon the driver of an automobile or truck the duty to use that degree of care and caution, which an ordinary prudent person would exercise under the same or similar circumstances, and, if you believe from a preponderance of the evidence in this case that the defendant, Milton T. Johnson, while acting for himself and as the agent and employee of The Merchants Company, at the time and place testified about, failed to use that degree of care in the control of the truck he was driving, which an ordinary prudent person would exercise under the same or similar circumstances, and that such failure, if any, proximately caused or contributed to the collision of said truck with the pick-up in which the plaintiff was traveling, resulting in injury and damage to Plaintiff, then it is your sworn duty to return a verdict for the Plaintiff, Dewey L. Hutchinson, against The Merchants Company and Milton T. Johnson.
This instruction contains a definition of negligence, but it does not confine the jury to the grounds of negligence alleged and which are supported by the proof. The jury was left free to find any act of Johnson to be negligence. They could have decided that the fact that there was a collision was sufficient to find that Johnson was negligent. In Meridian City Lines v. Baker, 206 Miss. 58, 39 So.2d 541, 8 A.L.R.2d 854 (1949), this Court said in regard to a similar instruction that:
The quoted instruction simply told the jury, in general terms, that it was the duty of the bus line to use reasonable care and caution in the operation of its buses so as to avoid injury to others, and it authorized the jury to find against the bus line if it believed from a preponderance of the evidence that a failure to exercise reasonable care proximately caused or contributed to the plaintiff's injury. By this instruction the jury was left to grope in the darkness, without any light to guide them, on the question of negligence of the bus line, and if in the nebulous maze of the wilderness the jury should grasp any act which it felt constituted a lack of reasonable care, it was authorized to adjudge the bus line guilty of negligence. It has been repeatedly held by this court that in negligence cases the instructions must confine the deliberation of the jury to the ground or grounds of negligence alleged and which are supported by substantial proof. We quote briefly from two of the cases so holding; many others are cited in these two cases.
In McDonough Motor Express, Inc., v. Spiers, 180 Miss. 78, 176 So. 723, 725, 177 So. 655, this Court said: `It will be observed that nowhere in the given instructions for either party were the grounds relied on in the declaration for recovery referred to. For appellee the jury were informed, in substance, that any negligence whatsoever in the manner in which appellant's truck was being driven which proximately contributed to appellee's injury would authorize a recovery. * * * It was the duty of appellee to have the court inform the jury what was necessary to make out the case stated in the declaration. This was not done. There was no obligation on the part of appellant to do it. The jury were left entirely at sea as to what character of negligence was necessary to be proven in order to authorize appellee to recover; just any negligence was sufficient under appellee's instructions, provided it proximately contributed to the collision. This defect was not cured by any instructions obtained by appellant. *764 The jury were not required to go to the declaration, nor elsewhere, except the instructions given by the court, in order to ascertain the grounds relied on by appellee as the basis of recovery. Southern R. Co. v. Ganong, 99 Miss. 540, 55 So. 355; Baldwin v. McKay, 41 Miss. 358; Young v. Power, 41 Miss. 197; Yazoo & M.V.R. Co. v. Cornelius, 131 Miss. 37, 95 So. 90.' (206 Miss. at 83-84, 39 So.2d at 545.)
In many cases, prior to and since this decision, we have condemned instructions of this type and have warned the trial judges against granting such instructions. Rawlings v. Royals, 214 Miss. 355, 58 So.2d 820 (1952). In spite of such warning and in spite of the many cases that we have reversed because of erroneous instructions, some trial judges continue to grant these instructions when they are requested. Appellee urges that when considered as a whole, the instructions correctly stated the duty of Johnson and his master. We have already pointed out that appellee's instructions did not furnish any guide for the jury. We have carefully examined the instructions granted appellants, and we do not think these instructions furnished the jury with such a guide as to enable them to determine what acts or omissions of Johnson constituted negligence.
There are other errors in the record, the most serious of which involves statements the trial judge made in the presence of the jury, which could have prejudiced the jury against appellants. Since the situation that brought about the statements probably will not arise again on the new trial, we do not deem it necessary to detail the occurrences. We need only to say in this regard that one of the functions of the trial judge is to see that every litigant is given a fair and impartial trial, and such judge should at all times refrain from saying or doing anything that might indicate to the jury that he favors one litigant over the other. It is well known that jurors are susceptible to the influence of the judge, and he cannot be too careful to avoid prejudicing either party.
There is one other error assigned that we deem appropriate to discuss. This involves the testimony of the witness, Ainsworth, who was allowed to testify over the objections of appellants as to a statement made by Roberts when the truck driven by Johnson turned into their lane of traffic. In answer to a question involving what was said, he replied, "All was said, I said, `Look a-there.' Mr. Roberts said, `Nowhere to go.'" Appellants contend that this statement was not admissible as part of the res gestac, and contend that this statement was merely a history of a completed transaction. With this contention, we cannot agree. In Houston Contracting Co. v. Atkinson, 251 Miss. 220, 168 So.2d 797 (1964), a somewhat similar exclamation was made. We said:
This Court is of the opinion that this outcry on the part of Mrs. Moore, under the circumstances stated constituted a part of the res gestae and was admissible. See Starks v. State, 245 Miss. 238, 147 So.2d 503 (1962), and the authorities there cited; also Magee v. State, 145 Miss. 227, 110 So. 500 (1926). 22A C.J.S. Criminal Law § 662(1) (1961), deals with the topic Res Gestae in great clarity, and also explains that it is an exception to the hearsay rule. See also 31A C.J.S. Evidence § 403(1) (1964) where res gestae is treated elaborately. Note that at pages 982-983 thereof, it is said that `* * * the admissibility vel non of evidence as part of the res gestae is a matter resting very largely in the discretion of the trial court. * * *'. (251 Miss. at 233, 168 So.2d at 800-801.)
The trial judge was of the opinion that the quoted statement constituted a part of the res gestae, and was admissible. We do not think that he abused his discretion in so holding.
*765 For the reasons stated, this case must be reversed and remanded for a new trial.
Reversed and remanded.
GILLESPIE, P.J., and JONES, BRADY, and PATTERSON, JJ., concur.