## Wilburn *v.* Gordon.

In Banc. April 24, 1950.

No. 37473 (45 So. (2d) 844)

Ben Owen and Roger C. Landrum, for appellant.

**John H. Holloman** and **William J. Threadgill,** for appellee.

38

44

46

**Smith, J.**

Appellant sued appellee for damages, as an alleged proximate result of the latter having, as charged, negligently rammed his truck into the rear of the former's car. The matter was submitted to the jury, which returned a verdict for the defendant-appellee, and the plaintiff-appellant appealed.

In midafternoon of a rainswept August day, appellant was driving his car on old Highway 82, west of Columbus, while, behind him, appellee was driving his heavy truck in the same direction. The automobile had a signal light thereon, in sight of the driver of the truck. The thunder was roaring, the lightning flashing, and rain was falling heavily. Appellant saw a jeep approaching ahead on the wet gravel road, and slowed down as a precaution in passing,—then again gathered momentum while the jeep went by. A servant in the car with him confirmed his own impression that the driver of the jeep, which stopped, signalled for help. Appellant then either stopped or slowed down to such a slow speed, as almost to stop. At this juncture, the truck crashed into the back of the car. The jeep sped away, not having signalled

at all. The truck driver was following too closely, according to appellant: while the eccentric vacillation of appellant's automobile between slowing and accelerating speed and finally apparently stopping, caused the collision, the appellee contends, and that no proper signal was given by appellant, at any time. However, it is to be remembered that he had a working electric signal light on the rear of his car. The appellant argues that the brakes on appellee's truck would not take hold, which is denied. The action was for damage to the automobile, loss of its use, and depreciated market value thereof as a car which had been through a wreck and repair.

Appellant assigns as error the granting of five instructions to the defendant, and the refusal of two to him.

■■ The first instruction, of which complaint is here made, reads as follows: ''The Court instructs the jury for the defendant that if you believe from the evidence that plaintiff and defendant were equally negligent, then it is your duty to find for the defendant.''

This instruction was erroneously granted. The defendant would not be absolved from liability altogether, if both were negligent equally, but plaintiff's damages would be reduced by fifty per cent. Section 1454, Code 1942. The instruction should not have been given. Reynolds-West Lumber Company v. Kellum, 5 Cir., 19 F (2d) 72; Gulf, M & N R Company v. Arrington, Miss., 107 So. 378; Cumberland Telephone & Telegraph Company v. Cosnahan et al., 105 Miss. 615, 62 So. 824.

■■ The next instruction, assigned as error, told the jury: ''The Court instructs the jury for the defendant even if you may believe from a preponderance of the evidence that the defendant was guilty of negligence, if you also believe that plaintiff was negligent too, then it is your duty to find for the defendant or to diminish plaintiff's actual damages in such proportion as plaintiff's negligence, if any, may have contributed to the accident.'' It is at once manifest that the first part of the instruction is a repetition of part of the condemned one,

supra. The instruction, furthermore, gives no guide to the jury to enable them to judge what is negligence in the case, or to appraise it. McDonough Motor Express, Inc., v. Spiers, 180 Miss. 78, 176 So. 723, 177 So. 655. This instruction was erroneous, also.

Appellee contends that we should look at the case as a completed trial, and even though the instructions be technically incorrect, we should refuse to reverse, because the error was not substantial, citing Meridian Sanatorium v. Scruggs, 121 Miss. 330, 83 So. 532; City of Jackson v. Wright, 151 Miss. 829, 119 So. 315; Nelms & Blum Company v. Fink, 159 Miss. 372, 131 So. 817. We cannot agree that the error in granting these instructions was insubstantial, or cured by other instructions in the record, since they are fundamentally in violation of the comparative negligence statute, and transgress our decisions as to instructions anent negligence.

The third instruction granted appellee, of which complaint is made, is as follows: ''The Court instructs the jury for the defendant that the burden of proof is upon the plaintiff to prove by a preponderance of the evidence not only that the defendant was negligent in the manner charged in the declaration, but that such negligence was the proximate cause of the accident, and unless you believe both propositions by a preponderance of the evidence, then it is your duty to find for the defendant.'' We have many times condemned instructions which referred the jury to the declaration,—which may be highly technical, may be complex, amended, and supplemented,—and jurors should not be referred to the declaration for the hypothesis upon which to rely, but it should be in the instruction itself. Lanham v. Wright, 164 Miss. 1, 142 So. 5. It was error to grant this instruction, but we would not reverse the case at bar for its granting, because, as appellee correctly points out, other instructions, not in conflict therewith, were granted, which incorporated in them the absent hypoth-

esis omitted from the challenged instruction. So that, reading them together, the jury was sufficiently instructed de hors the declaration.

Appellant's fourth assignment of error is the granting to appellee the following instruction: "The Court instructs the jury for the defendant that a person driving upon the highway is required by law, before stopping or suddenly decreasing the speed of his automobile, to give a proper signal of such intention, and if you believe from the evidence in this case that the plaintiff so stopped or decreased his speed without giving such proper signal, then you must find that the plaintiff was negligent." This instruction should not have been granted, because it was not supported by any evidence. It is to be remembered that the automobile had a signal lamp on its back end. Under Section 8193, Code 1942, it is provided that the "signals . . . shall be given . . . . by a signal lamp." There is no controversy in the record as to the car being so equipped. It was also in good order. Appellee contends that this instruction was cured by other instructions in the case, but with this we cannot agree, since the others he cites are in conflict with the one under present consideration, or do not avoid its error.

As to the instructions granted appellee, appellant complains lastly because the trial judge instructed the jury: "The Court instructs the jury for the defendant that the plaintiff can not recover in this case any damages whatever for the loss of the use of his automobile." Here, it is to be recalled that loss of use was one of the elements of damages set out in the declaration, which was therein fixed at $100 for such loss. However, while appellant made proof of the loss of use, he offered no testimony whatsoever as to the amount of damages he suffered thereby. There was no evidence, therefore, on which the jury could base an award, and hence the instruction was correctly given.

Appellant complains that he was refused an instruction based on an assumption that the brakes on appellee's truck were not efficient, when, as a matter of fact, there was no such evidence in the record. Hence, the trial judge committed no error in refusing the instruction.

However, he should have granted appellant this instruction, which was refused: "The Court instructs you that the failure of any person to perform a duty imposed upon him by statute is negligence in itself. Therefore, should you find that the defendant, Lloyd Gordon, in his automobile truck immediately prior to and at the time of the collision referred to in the complaint, followed the vehicle in which the plaintiff, Saunders Wilburn, was riding more closely than was reasonable and prudent, having due regard to the speed of such vehicles and the traffic upon and the condition of the highway upon which said cars were traveling, and that such failure on his part was a proximate cause of the collision with the plaintiff's car, then his conduct in so doing constituted actionable negligence." As stated, we think appellant was entitled to this instruction. Section 8188 (a), Code 1942. Appellee contends that appellant was granted another instruction to the same effect as the refused one, and, accordingly, such refusal was not error. The granted instruction was incorporated in another, covering a different and additional point also, and hence the refused instruction was not so completely a duplication as to justify its denial by the trial judge.

Appellee contends that we should not reverse this judgment in his favor because of Supreme Court Rule No. 11, and Howze v. State, Miss., 43 So. (2d) 191. Notwithstanding, we are constrained to do so, because the errors of the court below in erroneously granting some, and refusing another, instruction, resulted in a denial of a fair trial to appellant, since the jury were not properly instructed on the law of the case.

Reversed and remanded.