MISSISSIPPI POWER & LIGHT CO. *v.* BRADLEY.

March 8, 1954

No. 39096          56 Adv. S. 36          70 So. 2d 611

*Laub, Adams, Forman & Truly,* Natchez, for appellant.

*Joseph Zuccaro,* Natchez, for appellee.

GILLESPIE, J.

Appellee sued appellant for damages to his automobile. The sole charge of negligence was that appellant's truck suddenly stopped without warning or signal of the fact that the truck was going to stop, resulting in the appellee's automobile striking the rear of appellant's truck. The issue was tried before the county judge without a jury. At the conclusion of appellee's case and at the conclusion of the trial, appellant moved to exclude the evidence and enter judgment for the appellant. These motions were overruled and judgment was entered for

the appellee. The case was appealed to the circuit court and affirmed.

The several assignments of error present one issue for this Court: Was the evidence sufficient to sustain the charge of negligence?

Appellee's automobile was driven by his son, Spurgeon Bradley. Appellee occupied the front seat and was one of six passengers in the automobile. Appellee's automobile followed appellant's truck for several blocks along St. Catherine Street in Natchez. The speed of both vehicles was the same, about 12 to 20 miles per hour. Appellant's truck was between 30 and 40 feet ahead of appellee's automobile. The truck was about to turn right into a driveway which was found to be blocked by another vehicle, and after beginning to make the turn, stopped suddenly. When it stopped appellant's truck was in the middle of its right hand lane of the street. It stopped at an angle headed somewhat toward the driveway to the right. The truck was equipped with a rear-end stop light, actuated by the brakes. Appellee's driver admitted he saw the brake lights flash on and that the vehicles were some 30 or 40 feet apart when he saw the stop light on the truck. St. Catherine Street was narrow; traffic was not heavy. Appellee's driver testified that when he saw the truck's brake lights flash on, he did not know the truck was going to stop; that he immediately took his foot off the accelerator but did not immediately apply his brakes; that he thought he could go around the truck but saw a car approaching; that when he applied his brakes he had gotten closer to the truck; that he hit the rear end of the truck. Both appellee and Spurgeon Bradley admitted seeing the truck's brake lights flash on and Bradley admitted that he could have stopped if he had promptly heeded the stop signal. The appellee and his son, Spurgeon Bradley both testified that appellant's driver admitted that he forgot to give any signal. This admission dissolves and has no evidential value in view

of the admission of both appellee and his son that they saw the rear end stop light on the truck, and the admission of Spurgeon Bradley that he could have stopped if he had promptly applied his brakes when he saw the stop light. It was undisputed that the brake-actuated stop signal was given by appellant's driver.

Code Section 8192, sub-section (c), provides that no person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal to the driver of the vehicle immediately to the rear. Code Section 8193 provides for signals to be given by hand or by signal light. Code Section 8229-06 is as follows:

"Performance of stop lights.—Stop lights shall be actuated upon application of the service (foot) brake and shall be capable of being seen and distinguished from a distance of one hundred (100) feet to the rear of the vehicle in normal daylight, but shall not project a glaring or dazzling light. (b) A stop light may be incorporated with a tail lamp."

Reduced to material facts, the case is: (a) Appellee's car was following appellant's truck, both traveling at a reasonable speed; (b) appellant's truck was equipped with a rear end stop light actuated by the brake; (c) the rear end signal light was given and admittedly seen by appellee and his driver, Spurgeon Bradley; (d) appellee's driver could have stopped if he had promptly applied his brakes; (e) when appellee's driver did apply his brakes, he was so close to the truck he could not avoid the collision.

It conclusively appears that appellant's driver complied with the law when he gave the brake-actuated stop signal. His signal was sufficient to warn any vehicle to the rear. The sole charge of negligence that appellant's truck suddenly stopped without giving a warning or signal that he was going to stop is not supported by any proof. The appellant was entitled to have the evidence excluded and judgment entered in its favor. Under the

principle announced in Wilbourn v. Gordon, 209 Miss. 27, 45 So. 2d 844, we can reach no other conclusion. Reversed and judgment here for appellant.

*Roberds, P. J.,* and *Hall, Arrington* and *Ethridge, JJ.,* concur.