230 Miss. 634 (1957)
93 So.2d 634
HILL
v.
COLUMBUS ICE CREAM & CREAMERY CO.
No. 40439.
Supreme Court of Mississippi.
March 25, 1957.
Richard B. Booth, Aberdeen, for appellant.
Holloman & Threadgill, Columbus, for appellee.
*638 HALL, J.
This suit arose out of a collision between a new Ford automobile owned and operated by the appellant with an International refrigerated truck owned by the appellee and operated by Dempsey Hollis. The collision occurred at the intersection of State Highway No. 25 with Old Dan Taylor road at a point about four miles east of Aberdeen. Old Dan Taylor road is a graveled road but at the time of the collision it was being used as a detour for traffic on U.S. Highway 45 and State Highway No. 8, because of the washing out by high water of a bridge on U.S. Highway 45. Mississippi Highway No. 25 is a black-top road 21 feet in width and runs north and south and the truck was traveling south on this highway and the Ford car was traveling east on Old Dan Taylor road. There was a stop sign on the south side of Old Dan Taylor road near the intersection and there was a caution sign or a cross-road sign on the west side of the highway at the approach to the intersection.
The suit was filed in the circuit court by the appellee against the appellant for the recovery of damages to its truck. The appellant answered and filed a counter claim against the appellee seeking to recover damages to his automobile and the serious personal injuries sustained by him, the principal injury being the loss of his left leg between the knee and the hip. There was a conflict in the evidence as to whether the appellant stopped his *639 automobile at the intersection and as to whether the driver of appellee's truck had the same under control at the time of the collision. The appellant was turning north on the highway and there is a conflict in the evidence as to where the collision occurred, that is to say whether it occurred in the northern part of the intersection or slightly north of the intersection. There is also a conflict in the evidence as to whether the appellant had crossed the highway and had turned north on the east half of the highway. There was also a conflict in the evidence as to whether the collision occurred on the east or on the west half of the highway. At the conclusion of the trial the jury returned the following verdict: "We, the jury, find both the plaintiff and defendant counter-plaintiff at fault, and assess no damages to either side." Judgment was entered accordingly and Hill appeals therefrom.
(Hn 1) The appellant first contends that the verdict is insufficient as a basis for the entry of the judgment appealed from. Section 1518, Code of 1942, provides "no special form of verdict is required, and where there has been a substantial compliance with the requirements of the law in rendering a verdict, a judgment shall not be arrested or reversed for mere want of form therein." When the verdict was returned no objection was made by the appellant as to the form thereof, nor was there any request by the appellant to have the verdict reformed. In the case of Illinois Central R. Co. v. Perkins, 223 Miss. 891, 917, 79 So.2d 459, we quoted with approval from the case of Johns v. State, 78 Miss. 663, 29 So. 401, as follows: "The evidence and all the proceedings in this case may be looked at in order to ascertain the intention of the jury, and, when that is discovered, it is the duty of the court to give it effect." We are of the opinion that the verdict was sufficiently clear for the lower court to enter judgment thereon as it did and that *640 consequently there is no merit to appellant's first contention.
(Hn 2) Appellant's next complaint is against the action of the lower court in granting Instruction No. 5 to the appellee, which is as follows: "The court charges the jury for the plaintiff that it was the duty of the defendant, Clyde Hill, to stop his automobile at the intersection of the Old Dan Taylor road and Highway No. 25 and to wait until he could safely proceed, and if you believe from a preponderance of the evidence in this case that defendant, Clyde Hill, negligently failed in this duty and that such negligence, if any, proximately caused the resulting collision and plaintiff's damages, then it is your sworn duty, under your solemn oaths to find for the plaintiff, Columbus Ice Cream & Creamery Company, on the Ice Cream and Creamery Company's original suit as Plaintiff for damages to the Ice Cream truck."
It will be noted that Instruction No. 5 required the appellant not only to stop his automobile at the intersection but "to wait until he could safely proceed." Section 8197, Code of 1942, requires the driver of a vehicle to stop at the entrance to a through highway and to "yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right of way to the vehicle so proceeding into or across the through highway." The second paragraph of said Section provides that the driver shall stop in obedience to a stop sign where one is erected at one or more entrances and further provides "and shall proceed cautiously yielding to vehicles no (not) so obliged to stop which are within the intersection *641 or approaching so closely as to constitute an immediate hazard, but may then proceed". It will be noted that instruction No. 5 is in direct conflict with Section 8197 because it tells the jury that the appellant was not only charged with the duty to stop at the intersection, but to wait until he could safely proceed. The statute does not so provide. It only provides that he shall stop and yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, and after having so yielded he may proceed and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicle proceeding into or across the highway. The statute further provides that after stopping at a stop sign at a through highway the driver shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, and that such stopped vehicle may then proceed. We think the instruction was clearly erroneous in requiring the appellant to stop at the intersection and to wait until he could safely proceed. That duty is not required of him by the statute.
(Hn 3) We think the instruction is further subject to criticism in that it provided that if the jury should believe that the appellant negligently failed in this duty (that is to stop and wait until he could safely proceed) and that such negligence, if any proximately caused the resulting collision, then it is the sworn duty of the jury to find for the appellee. It will be noted that the instruction did not tell the jury that they must believe that Hill's negligence, if any, was the sole proximate cause of the collision and that in such event they should find for the appellee. It ignored the fact that there may be more than one proximate cause of an accident. In American *642 Creosote Works of La. v. Harp, 215 Miss. 5 (12), 60 So.2d 514, 35 A.L.R. 2d 603, we said: "There may be more than one proximate cause of an injury, 38 Am. Jur. Negligence, Sec. 63, and if appellant's negligence proximately contributed to the injury, as the jury has found that it did, then appellant is liable even though its negligence was not the sole proximate cause thereof. Brewer v. Town of Lucedale, 189 Miss. 374, 198 So. 42; Gulf Refining Co. v. Brown, 196 Miss. 131, 16 So.2d 765; Planters Wholesale Grocery v. Kincaide, 210 Miss. 712, 50 So.2d 578."
(Hn 4) The appellant also complains at the action of the trial court in granting instruction No. 13 to the appellee, which is as follows: "The court instructs the jury for the plaintiff and cross-defendant, Columbus Ice Cream & Creamery, that even though you may believe from a preponderance of the evidence that Dempsey Hollis was driving the ice cream truck more than 45 miles per hour just before the collision and application by him of his brakes, such fact, if you should believe it to be a fact from a preponderance of the evidence, does not, in and of itself, raise any presumption of negligence on the part of Dempsey Hollis nor entitle Clyde Hill to a verdict against plaintiff and cross-defendant Columbus Ice Cream & Creamery Company." Section 8176, Code of 1942, as amended by Chapter 328, Laws of 1948, fixes a speed limit of 45 miles per hour for trucks or truck-trailer combinations except as to "pickup" trucks of one-half ton and under. It is undisputed that the appellee's truck was not a pickup truck. Said section, as amended, further provides that the driver or operator of any motor vehicle must decrease speed when approaching and crossing an intersection. Instruction No. 13 told the jury that even though Hollis was violating the law in driving the truck at a speed of more than 45 miles per hour, such fact does not, in and of itself, *643 raise any presumption of negligence on the part of the said Hollis nor entitle the appellant to a verdict.
We have held that the violation of a statute constitutes negligence. In the case of Terry v. Smylie, 161 Miss. 31, 38, 133 So. 662, this Court said: "According to the undisputed evidence, appellants were violating this statute at the time their car struck the car occupied by appellee. The evidence further showed without conflict (the testimony of appellants, as witnesses in their own behalf) that the speed of their car proximately contributed to the injury. Appellants were violating the speed statute enacted for the safety of the traveling public. This was negligence on their part, the proximate result of which was the injury to appellee." (Emphasis supplied.)
In the case of Wilburn v. Gordon, 209 Miss. 27, 50, 45 So.2d 844, we held that the trial court was in error in refusing an instruction which said in part: "The Court instructs you that the failure of any person to perform a duty imposed upon him by statute is negligence in itself." We think that instruction No. 13 was in direct conflict with these authorities.
(Hn 5) The appellee argues that other instructions were granted in this case which correctly stated the law and that we should look to the record as a whole and consider all of the instructions together. When this is done we find that instructions Nos. 5 and 13 are in direct conflict with some of the instructions which were granted. In the case of Wilburn v. Gordon, supra, we said in 209 Miss. at p. 48: "Appellee contends that we should look at the case as a completed trial, and even though the instructions be technically incorrect, we should refuse to reverse, because the error was not substantial, citing Meridian Sanatorium v. Scruggs, 121 Miss. 330, 83 So. 532; City of Jackson v. Wright, 151 Miss. 829, 119 So. 315; Nelms *644 & Blum Company v. Fink, 159 Miss. 372, 131 So. 817. We cannot agree that the error in granting these instructions was insubstantial, or cured by other instructions in the record, since they are fundamentally in violation of the comparative negligence statute, and transgress our decisions as to instructions anent negligence." We are of the opinion that the error in these instructions was not cured by the instructions which correctly announced the law and that for the errors indicated the judgment of the lower court should be reversed and the cause remanded for a new trial.
Reversed and remanded.
McGehee, C.J. and Lee, Holmes and Ethridge, JJ., concur.