INZER, Justice:
Appellant, Mrs. Virginia Frazier, admin-istratrix of the estate of Frankie Frazier, brought suit in the Circuit Court of Nesh-oba County against appellee, Marvin Posey, seeking to recover damages for the death of her eleven-year-old son, Frankie Frazier, allegedly caused by the negligence of appel-lee. A judgment was entered dismissing the suit with prejudice as a result of a jury verdict in favor of appellee. From this judgment this appeal is prosecuted.
Frankie Frazier died as a result of a collision between a bicycle he was riding and a pickup truck driven by appellee. The accident happened on State Highway No. 16 about four miles west of Philadelphia at about 1:00 p. m. on May 25, 1965. Frankie Frazier lived with appellant, his mother, and his brothers and sister on a farm owned by appellant about four miles west of Philadelphia. Their home was located on the north side of the highway. Across the highway from the home and a short distance east was another house that belonged to appellant. This house was a rental house and was located on an embankment somewhat higher than the highway. There is a gravel driveway running from the highway up a slope to this house. On the day in question, Frankie had evidently ridden his bicycle across the road to the rental house. Appellee lived about one mile west of the Frazier home and was proceeding from his home eastward on the highway to Philadelphia. When he reached a point near where the driveway intersects the highway, Frankie rode his bicycle down the slope from the house and into the highway without stopping. Appellee testified that because bushes had grown up on the side of the driveway he could not see Frankie until he rode his bicycle into the highway. He stated that he was returning to his work at a speed of about thirty-five miles an hour and was about ten feet from the driveway when he saw Frankie coming into the highway from the driveway. He immediately applied his brakes and turned his truck to the left in an attempt to avoid the accident. However, before he could stop or drive his vehicle out far enough to the left to avoid the collision, the bicycle struck the right fender of the truck. The force of the blow knocked the front wheel from the bicycle and it went over the cab and to the rear of the truck. Frankie was knocked from the *627 bicycle onto the pavement. After appellee stopped his vehicle, he found Frankie lying in about the center of the highway. He was unconscious and was carried to the Neshoba County General Hospital where he was examined by Dr. Charles Moore. Dr. Moore testified that Frankie was unconscious at this time and that he died about 10 :30 the next morning. The cause of his death was a sub-dual hematoma: bleeding inside the skull. This bleeding resulted in brain damage that ultimately caused his death.
Appellant urges that the trial court was in error in failing to sustain a motion for a new trial on the ground that the verdict of the jury was against the overwhelming weight of the evidence and was not supported by the law and in granting certain instructions on behalf of appellee.
The question for the jury in this case was whether appellee was guilty of any negligence causing or contributing to the accident. The declaration charged that appel-lee was guilty of negligence in failing to have his vehicle under control, driving at an unreasonable speed under the circumstances, failing to keep a proper lookout and failing to turn his vehicle to avoid the collision.
We have carefully examined the evidence in this case and find that at the most it made an issue for the jury to determine whether appellee was guilty of any negligence causing or contributing to the accident. The jury determined that appel-lee was not guilty of any negligence, and that he was not guilty of driving his vehicle at an unreasonable rate of speed. We have carefully reviewed the evidence in this case in light of the authorities cited by appellant, and we are of the opinion that the cases cited are readily distinguishable on the facts from the case here involved. Since the jury accepted the evidence on behalf of appellee, the rule announced in Moseley v. Bailey, 193 So.2d 729, 731 (Miss.1967) controls. There we said:
This Court follows the rule that when a motorist is driving at a reasonable rate of speed and is obeying the rules of the road, he is not liable for injuries to a child who darts out from behind a fence or parked vehicle so suddenly that the motorist cannot stop or otherwise avoid injuring the child. This general rule is stated in 7 Am.Jur.2d Automobiles and Highway Traffic §§ 449, 450 (1963). This Court so held in the recent cases of Smith v. Kilpatrick, 254 Miss. 155, 180 So.2d 607 (1965), and Agregaard v. Duncan, 252 Miss. 454, 173 So.2d 416 (1965). In the Agregaard case the motorist was within the speed limits when a child rode his bicycle from behind a fence covered with vines. The defendant was eight or ten feet away when he saw the child. The child was struck and killed, and this Court held that there was no issue for the jury. In the present case the impact was at the rear of the parked vehicle, so that defendant had no opportunity to see the child before the impact between the child’s bicycle and the right front headlight of defendant’s vehicle. See also Hebert v. Lenart, 247 Miss. 494, 153 So.2d 658 (1963).
Appellant points out that testimony was offered which contradicted appellee relative to how the accident happened. However, the jury resolved these conflicts in favor of the appellee and we cannot say that the jury was wrong in so doing.
Appellant assigns as error the granting of several instructions on behalf of appellee. We have carefully examined each of these instructions and find no reversible error in them. When all the instructions are read together, we find that the jury was fairly instructed as to law governing the issues involved in this case. We cannot say from the study of the record in this case that there has been a miscarriage of justice. Miss. Rule 11.
While this case grows out of a tragic accident in which an eleven-year-old boy lost his life, it was clearly a case for the jury to determine whether appellee was guilty of any negligence causing or contributing to *628 the accident. The jury absolved him of any negligence and there being no reversible errors in this record we must affirm.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and BRADY, JJ., concur.