INZER, Justice:
This is an appeal from a judgment of the Circuit Court of‘ Lowndes County entered on a jury verdict rendered in favor of one of the defendants in a personal injury suit. We affirm.
The appellant, Jimmy L. Richardson, is the father of Timothy Richardson, who died from injuries received in a collision between appellee’s automobile and an automobile owned and driven by Mrs. Lula Kinard. Timothy and his mother were guest passengers in an automobile operated by his grandmother, Mrs. Kinard, who was the other defendant to the suit. On July 13,1967, at 4:15 P.M., the Kinard automobile was proceeding in a northerly direction on the Lowndes County-New Hope Road toward the intersection of that road with State Highway 82. At the same time ap-pellee was proceeding east on Highway 82.
Prior to the time the accident occurred it had begun to rain and it was somewhat overcast. Mrs. Adams testified that because of the weather conditions she had reduced her speed to 50 or 55 miles per hour and had turned on her headlights. Mrs. Kinard arrived at the intersection and stopped as she was required to do. She testified that she looked both ways before pulling into Highway 82.
Mrs. Adams noticed the Kinard automobile stopped at the intersection when she was approximately 100 yards to the west of the intersection. She testified that Mrs. Kinard was completely stopped at the intersection and made no move into the intersection until her automobile was so close as to make it impossible to avoid the resulting accident. When on the stand as an adverse witness Mrs. Adams admitted that she never decreased her speed from the 50 to 55 miles per hour she had been traveling until Mrs. Kinard pulled out into the intersection in front of her. She there applied her brakes and turned her vehicle to the left in an attempt to avoid the collision but was unable to do so.
Mrs. Kinard testified that she never saw the appellee’s automobile until just a moment before the impact. The jury returned a verdict against Mrs. Kinard and a judgment was entered against her in the amount of $31,250. Mrs. Kinard did not appeal.
Appellant requested and the court refused to grant the following instruction: “The Court instructs the jury to return a verdict in this case in favor of the plaintiff.”
Appellant contends that he was entitled to this instruction because in admitting that she failed to decrease her speed upon approaching the intersection appellee was in violation of Section 8176 (b), Mississippi Code 1942 Annotated (Supp. 1968), and therefore negligent as a matter of law. The instruction was properly refused. See Miller Transporters, Ltd. v. Espey, 253 Miss. 439, 176 So.2d 249 (1965). Even if appellant’s contention is correct he would have been only entitled to an instruction that appellee’s failure to reduce her speed was negligence and if such negligence caused or contributed to the accident then he was entitled to a verdict against her. The jury had a right to find from the evidence in this case that the negligence of Mrs. Kinard was the sole proximate cause of the accident.
Moreover, we cannot agree with appellant’s basic contention that Mrs. Adams’ failure to reduce her speed from 50 to 55 miles per hour upon approaching the intersection was a violation of Section 8176 supra, or was negligence as a matter of law.
Subsection (b) of that statute reads as follows:
The driver or operator of any motor vehicle must decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other *538 traffic, or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements.
Taken out of context, the section lends weight to appellant’s contention, however, when section 8176 is viewed in its entirety, the true meaning of subsection (b) becomes apparent. The first part of the statute sets the maximum speed limits permissible on the state highways. Subsection (b) qualified the allowed máximums when any of the conditions enumerated therein arise. In order to be in violation of the statute one must fail to reduce his speed from the maximum provided when one of the conditions set out in subsection (b) is present. In this case, Mrs. Adams was traveling at a speed less than the maximum as she approached the intersection and whether her failure to further reduce her speed under the prevailing circumstances was negligence was a question of fact for the jury to determine.
Appellant further complains of the following instruction granted to the appellee:
The Court instructs the jury for the defendant, Perrlyn Spence Adams, that it was the duty of the defendant,. Mrs. Lula B. Kinard, at the time and place in question:
(a) To anticipate the presence of other persons and vehicles upon the said street and to keep a reasonable lookout for such other persons and vehicles; and,
(b) To stop for the stop sign at said intersection and yield the right-of-way to traffic on Highway 82 East, and to see if she could enter the intersection with safety to herself and the traveling public.
And you are further instructed that if you believe from a preponderance of the evidence in this case that the defendant, Mrs. Lula B. Kinard, failed in any one of the aforesaid particulars or respects, and that her said failure, if any, was the sole proximate cause of the accident and plaintiff’s alleged damages, then it is your sworn duty to find for the defendant, Perrlyn Spence Adams.
We agree with the appellant that the instruction is deficient in setting out the duty of Mrs. Kinard when approaching the intersection. Section 8197, Mississippi Code 1942 Annotated (1956), clearly sets out the duty owed by Mrs. Kinard to other drivers:
(a) The driver of a vehicle shall stop as required by this Act at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.
 Instruction No. 6 for appellee is deficient in that it fails to go far enough. Sections (a) and (b) of the instruction are good as far as they go, however, there is no further statement that after (a) and (b) are complied with Mrs. Kinard had the right to enter the intersection and the vehicles approaching on Highway 82 must yield the right-of-way to her. However, we find that the deficiency complained of is cured by Instruction No. 9 granted to Mrs. Kinard and is therefore not reversible error. This case is distinguishable from Hill v. Columbus Ice Cream and Creamery Co., 230 Miss. 634, 93 So.2d 634 (1957), in that the instruction complained of in that case was found to be in conflict with Section 8197, supra. This Court held that the instruction in the Hill case had the effect of making a driver stopped at a stop sign at an intersection liable for anything that happened after proceeding into the intersection. The instruction was also found to be in error *539 because of certain defects not present in this case. When all the instructions are read together they correctly instructed the jury relative to the issue involved. Furthermore, after a careful review of the evidence in this case we are unable to say that the verdict of the jury resulted in a miscarriage of justice and under such circumstances we will not reverse because of misdirection of the jury. Miss.Sup.Ct. Rule 11.
We find no merit in the other errors assigned and for the reasons stated this case if affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.