INZER, Justice:
This is an appeal from a judgment of the Circuit Court of the First Judicial District of Hinds County entered on a jury verdict in favor of the defendant in a personal injury suit. We affirm.
The appellant, Mrs. Lora S. Simms, was injured as a result of a collision between a Ford Fairlane automobile driven by her and a Mercury automobile owned and operated by appellee, Earl V. Best. The collision occurred at about 7:15 P.M. on August 25, 1967, on the Frontage Road which runs in a north-south direction and lies east of and parallel to U. S. Interstate No. 55 in the City of Jackson. The weather was rainy and it, was dark and overcast. Appellant was proceeding south on the Frontage Road meeting appellee who was traveling north. When the cars reached a point on the road near Ossie’s Bar-B-Q they collided. The Frontage Road at this point is a two-lane paved street with a center stripe to divide the north and south lane. The paved portion of the road is twenty feet wide with a gravel shoulder on each side of the road. The occupants of both cars were injured as a result of the accident and shortly thereafter they were all taken to the hospital.
Appellant was alone in her vehicle and appellee was accompanied by his wife, who was riding on the front seat with him, and his sister-in-law, who was riding on the right side of the rear seat. Apparently these people were the only eye-witnesses to the accident. There was a sharp dispute between the parties as to the point of impact in reference to the center line of the highway. The jury resolved the conflict in favor of the appellee and for the purposes of this appeal we must consider the evidence most favorable to appellee.
Appellant urges that this case should be reversed for two reasons: (1) that the verdict of the jury is against the overwhelming weight of the evidence and evidences bias, passion and prejudice on the part of the jury, and that the trial court was in error in overruling her motion for a new trial on this ground; and (2) the trial court committed reversible error in granting three instructions for appellee.
Appellant testified that as she approached appellee’s car she saw that it was over in her lane of traffic and when she realized that he was not going to get back on his side of the road she applied her brakes and turned her vehicle to the right. She said that at the time her vehicle was struck, her right wheels were on or near the shoulder of the road.
Appellee testified that he was driving at a speed of 20-25 miles per hour and because the road was slick, he was driving with his left wheels near or on the center line. He said just before appellant’s car reached him it suddenly went into a skid and skidded at an angle across the center line into his lane where it was struck by his vehicle. He said he applied his brakes and attempted to stop but was unable to do so before the collision. He did not think his vehicle ever crossed the center line of the highway until after the collision. He testified that after the collision debris was in both lanes of traffic, but that someone moved the debris from his lane over into the other lane in order that traffic could use the east lane.
Mrs. Best testified that the on-coming vehicle was traveling fast and she estimated its speed to be about 45 miles per hour, and that it changed its course and came at them at an angle. She said the collision occurred in the center of the highway but she did not think that their vehicle ever got into the west lane until after the accident.
Appellant urges that the verdict of the jury is against the overwhelming weight of the evidence because after the accident appellee’s car was in appellant’s lane of *120 traffic, the debris was also in that lane of traffic, and appellant’s vehicle was knocked into the ditch north and west of the point of impact. She urges that it is inconceivable that the accident happened as testified to by appellee. However, appellant bases her argument on the mistaken premise that her vehicle was struck on its left front. The proof and the photographs show that it was struck on its right front. The testimony established two conflicting versions of how the accident happened and we cannot say that it is any more inconceivable that it happened as testified by one party than the other. This created a typical factual situation for the jury to determine and we cannot say that it was not justified in finding for ap-pellee. Therefore, we cannot say that the jury verdict is against the overwhelming weight of the evidence.
Appellant assigns as error the granting by the trial court of the following instruction at the request of appellee.
The Court instructs the jury for the Defendant that if you find after considering all of the evidence in this case that the evidence is evenly balanced for the Defendant and for the Plaintiff, then it is your sworn duty to find for the Defendant.
Appellant urges that this instruction is in violation of Section 1454, Mississippi Code 1942 Annotated (1956), the comparative negligence statute, and in support thereof cites Wilburn v. Gordon, 209 Miss. 27, 45 So.2d 844 (1950), wherein it is said:
The first instruction, of which complaint is here made, reads as follows: “The Court instructs the jury for the defendant that if you believe from the evidence that plaintiff and defendant were equally negligent, then it is your duty to find for the defendant.”
This instruction was erroneously granted. The defendant would not be absolved from liability altogether, if both were negligent equally, but plaintiff’s damages would be reduced by fifty per cent. Section 1454, Code 1942. The instruction should not have been given. Reynolds-West Lumber Company v. Kellum, 5 Cir., 19 F.2d 72; Gulf, M & N R Company v. Arrington, Miss., 107 So. 378; Cumberland Telephone & Telegraph Company v. Cosnahan, et al., 105 Miss. 615, 62 So. 824. (209 Miss, at 47, 45 So.2d at 846).
Appellee points out that the instruction in the case before us is different from the instruction in Wilburn, supra, because it refers only to evenly balanced evidence and not to negligence. It is urged that this instruction must be read in connection with the instruction granted appellee that the burden of proof was on the appellant to prove her case by a preponderance of the evidence, and when it is so read, it correctly states the law. We are of the opinion that the instruction complained of should not have been granted and it was error for the court to do so. While it is conceivable that this instruction when read with the instruction on the burden of proof could be correct, we do not approve of this type of instruction, especially when it is granted as a separate instruction. It is always dangerous to try to further define the requirement that the plaintiff must prove her case by a preponderance of the evidence. Furthermore, it is always erroneous to grant .this type of instruction in cases where contributory negligence is pleaded because of the danger that the jury might be led to believe from the instruction that if the negligence was equal then it was required to find for the defendant. However, under the circumstances of this case, we find that the granting of this instruction, although error, was harmless error. Miss.Sup.Ct. Rule 11.
We have carefully examined the other two instructions complained of and although they are subject to some technical *121 criticism, when read in connection with the other instructions, we cannot say that they are erroneous.
We find after careful review of the record in this case that the case was well tried in the trial court and the jury resolved the direct conflict in the evidence in favor of the appellee. We cannot say that its verdict resulted in the miscarriage of justice, therefore, this case should be, and is, affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and BRADY, JJ., concur.