PATTERSON, Justice:
This is an appeal by the plaintiff below from an adverse judgment of the Circuit Court of the First Judicial District of Hinds County. The jury there found from conflicting evidence that the defendant was not guilty of any negligence that proximately caused the injuries resulting in the death of Willie Earl Young.
The issue before the trial court was whether the defendant, Schwarz, an agent of the defendant, National Cash Register Company, was negligent in the operation of his automobile on the afternoon of November 2, 1967, and, if so, whether this negligence proximately caused the fatal injuries of the decedent, age four. On that date the appellee, Schwarz, was driving his automobile in a westerly direction on Peace Street within the city limits of Canton, Mississippi. As he approached the intersection of Second Avenue, in a line of traffic, two young boys suddenly ran from the south side of Peace Street and from the rear of a pickup truck which was moving in an easterly direction into the path of defendant’s automobile. The appellee, unable to turn to the left due to oncoming traffic, and afraid to veer into the ditch to the right as this was the apparent destination of the boys, made every effort to stop his automobile by the immediate application of his brakes. This effort was unsuccessful, however, as the right front light and fender struck the boys. The automobile came to a halt near the center of the intersection about five feet from the point of impact.
The primary issue before this Court is whether the plaintiff was entitled to an instruction that the defendant, Schwarz, was guilty of negligence proximately causing the injuries of the decedent as a matter of law. The argument in support of the appellant’s position is that by his failure to decrease the speed of his automobile as he approached the intersection, the defendant violated Mississippi Code 1942 Annotated section 8176 (Supp. 1968), thus removing the question of negligence from the jury and placing it on the defendant as a matter of law. This section provides:
(b) The driver or operator of any motor vehicle must decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or *585 winding roadway, or when special hazard exists with respect to pedestrians or other traffic, or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements.
The statute involved here was construed in the case of Richardson v. Adams, 223 So.2d 536 (Miss.1969) wherein the Court stated:
Appellant contends that he was entitled to this instruction because in admitting that she failed to decrease her speed upon approaching the intersection appel-lee was in violation of Section 8176(b), Mississippi Code 1942 Annotated (Supp. 1968), and therefore negligent as a matter of law. The instruction was properly refused. See Miller Transporters, Ltd. v. Espey, 253 Miss. 439, 176 So.2d 249 (1965). Even if appellant’s contention is correct he would have been only entitled to an instruction that appellee’s failure to reduce her speed was negligence and if such negligence caused or contributed to the accident then he was entitled to a verdict against her. The jury had a right to find from the evidence in this case that the negligence of Mrs. Kinard was the sole proximate cause of the accident. (223 So.2d at 537)
The great weight of the evidence, as reflected by the record, indicates that the defendant was driving within the speed limit as he approached the intersection. There is, however, the testimony of one witness that in her opinion the automobile was moving in excess of thirty miles an hour. The evidence is thus conflicting and was properly left to the jury.
We are of the opinion that all issues presented relating to the reduction of speed prior to entering the intersection are controlled by Richardson, supra. See also Frazier v. Posey, 207 So.2d 625 (Miss.1968), and the cases cited therein referring to' minors and unavoidable accidents.
The appellant next assigns as error that the defendant should not have been granted the “sudden emergency” instruction. This instruction is in accord with those principles set forth in Kettle v. Musser’s Potato Chips, Inc., 249 Miss. 212, 162 So.2d 243 (1964), and as such is in proper form. Though there is an increasing question of whether this type of instruction is ever properly given, at present we adhere to the principle set forth in Musser, supra, and conclude that there was no error on the part of the trial court in granting this instruction.
We have carefully considered the entire record and find no error therein.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY and SMITH, JJ., concur.