# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-CT-01720-SCT

*ANGIE JONES*

*v.*

*UNITED STATES FIDELITY AND GUARANTY COMPANY AND CHASITY BURNHAM McQUEEN*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 9/22/1998 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOSEPH E. ROBERTS, JR. |
| | CRYMES MORGAN PITTMAN |
| ATTORNEYS FOR APPELLEES: | MICHAEL WAYNE BAXTER |
| | CHARLES G. COPELAND |
| | VICTOR DONALD HUNT |
| | JAMES R. MOORE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 07/25/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/15/2002 |

**EN BANC.**

**PITTMAN, CHIEF JUSTICE, FOR THE COURT:**

¶1. This case comes before us by writ of certiorari from a 5-5 decision of the Court of Appeals affirming the judgment entered on a jury verdict in the Circuit Court of Simpson County, Mississippi. Angie Jones filed suit against her father's automobile insurance carrier and Chasity Burnham McQueen after the vehicle in which she was riding struck an embankment and eventually caused her injuries. The jury returned a

verdict for the defendants, and Jones appealed.

## FACTS

¶2. In January of 1988, Angie Jones was a passenger in a car being driven by Chasity McQueen when the car hit some loose gravel while entering a curve in the road. McQueen lost control of the car, and it skidded into an embankment. The two teenage girls exited the car and began walking to McQueen's mother's house when they were picked up by friends and taken to the hospital. They left the hospital within an hour. Six months passed, and Jones was diagnosed with anxiety. Five years after the accident, she began seeing a psychiatrist and psychologist for treatment of her panic attacks. She filed suit against her father's insurance carrier, U.S.F.&G., and McQueen in December of 1994.

¶3. During the trial, after understandably admitting it was difficult to remember, McQueen testified that she was driving "around 35 to 40 miles-per-hour" and "between 35 to 40 miles-per-hour" on the road with a posted speed limit of 35 miles-per-hour when she hit the gravel. She also testified that at the time she hit the gravel, it did not feel like she was speeding. Finally, when asked if her testimony was that she never slowed down before she entered the curve, she responded, "No, sir. I don't recall applying my brakes before I entered the curve."

¶4. At the conclusion of the trial, Jones requested an instruction which would have directed the jury to return a verdict in her favor. She further requested that the trial court instruct the jury that McQueen's actions were negligent as a matter of law, leaving only the question of proximate cause to the jury. The trial court refused the requested instructions, and the jury returned a defense verdict in favor of McQueen and U.S.F.&G.

## DISCUSSION

¶5. The issue we are asked to review is the one that evenly divided the Court of Appeals: whether Jones was entitled to either peremptory instruction. We are mindful of Miss. Code Ann. § 63-3-505 (1996) which requires drivers to decrease speed when approaching and going around a curve. When reviewing requests for peremptory instructions, we consider the evidence in the light most favorable to the non-moving party, giving that party the benefit of all favorable inferences that may be reasonably drawn from the evidence. *Steele v. Inn of Vicksburg, Inc.*, 697 So. 2d 373, 376 (Miss. 1997).

¶6. We acknowledge that we have held the failure to instruct the jury on negligence as a matter of law is reversible error, where it is proven that the defendant violated a statute and the injured is among the class of people the statute is designed to protect. *Jackson v. Daley*, 739 So. 2d 1031, 1036 (Miss. 1999). *See also Conner v. Harris*, 624 So. 2d 482 (Miss. 1993). However, as long as questions of fact exist, a directed verdict is inappropriate. *Illinois Cent. R.R. v. White*, 610 So.2d 308, 314 (Miss.1992). Furthermore, where contradictory testimony exists, we will defer to the jury which determines the weight and worth of the testimony and credibility of the witness at trial. *Wallace v. Thornton*, 672 So. 2d 724, 727 (Miss. 1996) (quoting *Regency Nissan, Inc. v. Jenkins*, 678 So. 2d 95, 99 (Miss. 1995)).

¶7. We note our opinion in *Richardson v. Adams*, 223 So. 2d 536, 537 (Miss. 1969), establishes that the violation of a statute demonstrates a duty and breach thereof, but not proximate cause of injury which is a question still left for the jury to answer. We therefore conclude that the requested instruction which would have directed a verdict in Jones's favor was properly denied. *See also Shaw v. Phillips*, 193 So. 2d 717,

719 (Miss. 1967). The requested instruction on negligence which left the question of proximate causation to the jury, however, conforms to our opinion in *Richardson* so we must examine it separately.

¶8. We agree with the opinion of Judge Payne of the Court of Appeals that McQueen's testimony is open to more than one reasonable interpretation by the jury. McQueen's testimony that she was traveling "around" or "between" 35 to 40 miles-per-hour, that it did not feel like she was speeding, and her enigmatic response to the question about slowing down prior to entering the curve created, as the trial court characterized it, "a classic jury question." The jury would even be within its bounds to discount any bias on the part of McQueen in her testimony which Judge Lee of the Court of Appeals described as the "age old response given to officers by drivers when stopped for a speeding violation." Jones's statements that it did not feel like she was speeding and was traveling between 35 and 40 miles-per-hour, whether truthful or the biased recollection of a driver in the wrong, demonstrate the wisdom in allowing juries to ultimately answer factual questions which we on appeal should refrain from answering. In light of our standard of review, and after reviewing the testimony for ourselves, we conclude that the trial court correctly refused the requested instruction.

## CONCLUSION

¶9. The Court of Appeals was correct in finding the trial court did not err when it refused Jones the peremptory instruction on negligence. The judgments of the Court of Appeals and the trial court are therefore affirmed.

¶10. **AFFIRMED.**

**SMITH, P.J., WALLER, COBB AND CARLSON, JJ., CONCUR. DIAZ, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, P.J., AND EASLEY, J. GRAVES, J., NOT PARTICIPATING.**

**DIAZ, JUSTICE, DISSENTING:**

¶11. The majority finds that the trial court was correct in its decision not to grant Jones's peremptory instructions. I disagree and respectfully dissent.

¶12. Miss. Code Ann. § 63-3-505 (Rev. 1996) provides:

The driver or operator of any motor vehicle must decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic. All trucks, or truck-trailer combinations and passenger buses shall be required to reduce speed to forty-five miles per hour during inclement weather when visibility is bad.

¶13. As stated by the majority, this Court has held the failure to instruct the jury on negligence as a matter of law is reversible error, where it is proven that the defendant violated a statute and the injured is among the class of people the statute is designed to protect. *Jackson v. Daley*, 739 So.2d 1031, 1036 (Miss. 1989).

¶14. At issue are two instructions. One calls for a verdict in Jones's favor and the other instructs the jury that McQueen's actions were negligent as a matter of law, leaving the question of proximate cause as a

question for the jury to answer. I agree with the majority's finding that the first instruction was properly denied. However, I do not agree with the majority's finding that there is a fact question remaining as to McQueen's negligence.

¶15. The speed limit was thirty-five miles per hour in the area the accident occurred. At trial (ten years after the accident), McQueen testified that she was driving between thirty-five and forty miles per hour. However, a police officer's accident report taken soon after the accident occurred reveals that McQueen said she was driving forty miles per hour when the accident occurred. Not only was McQueen driving over the posted speed limit, she also admitted during her testimony that she did not slow down before entering the curve, "I don't recall applying my brakes before I entered the curve." This is a clear violation of Miss. Code. Ann. § 63-3-505.

¶16. In my opinion, the evidence conclusively shows that McQueen was negligent as a matter of law. As such, the lower court should have granted Jones's peremptory instruction. Accordingly, I dissent from the majority's decision.

**McRAE, P.J., AND EASLEY, J., JOIN THIS OPINION.**